PEOPLE v WILLIAMS

Docket No. 53667. Submitted September 15, 1981, at Grand Rapids.—
Decided December 16, 1981.

Alevando L. Williams, a juvenile, was charged with two counts of
first-degree criminal sexual conduct, armed robbery, breaking
and entering, and unlawfully driving away a motor vehicle.
The prosecutor petitioned Kent Probate Court to waive jurisdic-
tion over Williams so that he could be tried as an adult.
Following phase one and phase two hearings, the probate court
waived jurisdiction and ordered that Williams be tried pursu-
ant to the general criminal statutes. Williams appealed the
waiver in Kent Circuit Court, which affirmed the decision of
the probate court. Williams subsequently pled guilty to one
count of first-degree criminal sexual conduct pursuant to a
plea-bargaining agreement, George R. Cook, J. He appeals.
*Held:*

1. The circuit court properly affirmed the probate court's
waiver of jurisdiction. The record reveals that the probate court
considered the criteria required by the Juvenile Court Rules
and made findings upon the criteria which were adequately
supported by the evidence.

2. The probate court properly considered reports pertaining
to Williams which contained hearsay information during the
phase of the waiver hearing in which the court was required to
determine whether the interests of Williams and the public
would best be served by granting the waiver. The reports were
relevant and material to show Williams's prior record and

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children § 19.
[2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children §§ 52, 53.
 Applicability of rules of evidence in juvenile delinquency proceed-
ings. 43 ALR2d 1128.
[3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children § 12.
[4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children § 60.

character and were made available to his counsel for the purposes of challenge, impeachment, criticism, and refutation. Affirmed.

1. INFANTS — PROBATE COURTS — JURISDICTION — WAIVER — CRIMINAL LAW.

A hearing is held in the juvenile division of a probate court upon a request for a waiver of the court's jurisdiction so that a juvenile offender may be tried as an adult, consisting of two phases: in phase one, the court must determine, based on legally admissible evidence, whether a crime has been committed which, if committed by an adult, would be a felony and whether there is probable cause to believe that the child committed the crime; in phase two, upon a showing of probable cause, the court must conduct a full investigation to determine whether the granting of such a waiver would best serve the interests of the child and the public, and, before a waiver may be granted, the court must consider and make findings upon: the prior record and character of the child, his pattern of living, the seriousness of the offense, whether the offense is part of a pattern of offenses indicating that the child is beyond rehabilitation pursuant to regular statutory juvenile procedures, the suitability of available programs and facilities, and whether the best interests of the public welfare and the protection of public security require the juvenile to stand trial as an adult (MCL 712A.4; MSA 27.3178[598.4], JCR 1969, 11.1[A], [B]).

2. INFANTS — PROBATE COURTS — JURISDICTION — WAIVER — EVIDENCE — CRIMINAL LAW.

The determination by the juvenile division of a probate court during phase one of a waiver hearing whether there is probable cause to believe that a juvenile committed a crime which, if committed by an adult, would be a felony is analogous to a preliminary examination of a criminal defendant, requiring the admission of only relevant, competent, and material evidence; phase two of a waiver hearing, however, is analogous to a hearing prior to the sentencing of a criminal defendant, thus evidence which would not be admissible during phase one of the hearing, such as reports containing hearsay evidence, but which are otherwise relevant and material and will assist the court in considering and making findings on the criteria prescribed in the juvenile court rules relative to a waiver, may be brought before the court consistent with the juvenile's due process rights to enable it to conduct a full investigation on the disposition of the juvenile (MCL 712A.4; MSA 27.3178[598.4], JCR 1969, 8.1, 8.3[A], [B], 11.1[A], [B], MRE 1101[b][3]).

3. INFANTS — PROBATE CODE — JUVENILE COURT RULES — JUDICIAL CONSTRUCTION.

> The sections of the probate code pertaining to juveniles and the juvenile division of a probate court and the Juvenile Court Rules are to be liberally construed to the end that each child will receive care conducive to his welfare and the best interests of the state, including those sections pertaining to waiver of jurisdiction by the juvenile division of a probate court over a juvenile so that he may be tried for a crime as an adult (MCL 712A.1, 712A.4; MSA 27.3178[598.1], 27.3178[598.4], JCR 1.3, 11.1).

4. INFANTS — PROBATE COURTS — JURISDICTION — WAIVER — APPEAL.

> A waiver of jurisdiction by the juvenile division of a probate court may be overturned on appeal where based on materially false or unreliable information.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and D. F. WALSH and MACKENZIE, JJ.

D. E. HOLBROOK, JR., P.J. Defendant, age 16, was charged with two counts of criminal sexual conduct in the first degree, MCL 750.520b(1)(c) and (e); MSA 28.788(1)(c) and (e), armed robbery, MCL 750.529; MSA 28.797, breaking and entering, MCL 750.110; MSA 28.305, and unlawful driving away of a motor vehicle, MCL 750.413; MSA 28.645. The prosecutor petitioned the probate court to waive juvenile jurisdiction over defendant so that he could be tried as an adult. Following phase one and phase two waiver of jurisdiction hearings pursuant to JCR 1969, 11.1(A) and (B), the probate court waived jurisdiction and ordered defendant to

be tried under Michigan's general criminal statutes.

In circuit court, defendant challenged the waiver of jurisdiction by the probate court. Subsequent to a denial of that appeal, defendant pled guilty to a charge of criminal sexual conduct in the first degree in exchange for the dismissal of the other four charges. Thereafter sentenced to not less than 6 nor more than 20 years imprisonment, he appeals as of right.

On appeal, the sole claim of error is that the circuit court erred in upholding the probate court's waiver of jurisdiction over the defendant. Defendant asserts that the probate court improperly admitted hearsay evidence to show his prior record and character. He relies on MRE 1101(a), which provides:

"Except as otherwise provided in subdivision (b), these rules apply to all actions and proceedings in the courts of this state."

Subsection (b) does not expressly exclude a juvenile court waiver of jurisdiction hearing.

MCL 712A.4; MSA 27.3178(598.4) is the waiver of jurisdiction statute. The statutory provisions for waiver are incorporated in rules of practice under JCR 1969, 11. When a petition is filed requesting a waiver of jurisdiction, the hearing consists of two stages. JCR 1969, 11.1 states in pertinent part:

"(A) Phase 1: Showing of Probable Cause. The court shall first determine if a crime has been committed which, if committed by an adult, would be a felony and if there is probable cause to believe that the child committed the crime. The determination must be based on legally admissible evidence.

"(B) Phase 2: Criteria for Waiver. On a showing of

probable cause, the court shall conduct a full investigation to determine whether the interests of the child and the public would best be served by granting a waiver of jurisdiction to a court of criminal jurisdiction.

"In making the determination, the following criteria must be considered and the court shall make findings on them before a waiver may be granted:

"(1) the prior record and character of the child, his physical and mental maturity, and his pattern of living;

"(2) the seriousness of the offense;

"(3) even though less serious, if the offense is part of a repetitive pattern of offenses which would lead to a determination that the child may be beyond rehabilitation under the regular statutory juvenile procedures;

"(4) the relative suitability of programs and facilities available to the juvenile and criminal courts for the child;

"(5) whether the best interests of the public welfare and the protection of the public security, generally, require that the juvenile stand trial as an adult offender."

A panel of this Court has analogized the "probable cause" determination in phase one of a waiver hearing to a preliminary examination. *People v Allen,* 90 Mich App 128; 282 NW2d 255 (1979). The recognized rules of evidence apply at phase one of a waiver hearing and at a preliminary examination. JCR 11.1(A), *People v Washington,* 84 Mich App 750; 270 NW2d 511 (1978).

The purpose of phase two is to determine whether the interests of the child and the public would best be served by retaining or waiving jurisdiction. Therefore, this hearing can be characterized as dispositional. The dispositional phase of a delinquency hearing under JCR 1969, 8.1 requires only relevant and material evidence. JCR 1969, 8.3(B). However, unlike a determination in the adjudicative phase of delinquency hearings

under JCR 1969, 8.1, guilt or innocence is not determined at a waiver hearing. By distinguishing phase two from the process of determining guilt or innocence and characterizing the hearing as dispositional, we can analogize phase two of a waiver hearing to sentencing. The significance of this is that information which would not be admissible as evidence in an adjudication may be brought before the court to enable it to conduct a "full investigation" on disposition of a child. MRE 1101(b) provides in part:

"The rules other than those with respect to privileges do not apply in the following situations:

\* \* \*

"(3) Miscellaneous proceedings. Proceedings for extradition or rendition; *sentencing,* or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise." (Emphasis supplied.)

Therefore, in waiver hearings, the probate court may consider out-of-court information on the record relative to the criteria which it must weigh under MCL 712A.4; MSA 27.3178(598.4) and JCR 1969, 11.1(B).

Our holding is consistent with the construction that is to be given to MCL 712A.4; MSA 27.3178(598.4) and JCR 1969, 11.1. They are to be liberally construed to the end that each child will receive care conducive to the child's welfare and the best interests of the state. MCL 712A.1; MSA 27.3178(598.1), JCR 1969, 1.3. The admissibility of records and reports considered or containing hearsay not within an exception may assist the court in making the "full investigation" required under JCR 1969, 11.1(B) and serve to protect the child's

welfare and the interests of the state. JCR 1969, 11.4 shows an intent to allow reports to be relied upon by the judge as a basis for decision in waiver proceedings.

In addition, as previously stated, under JCR 1969, 8.3(A) and 11.1(A), only relevant, competent, and material or legally admissible evidence is permitted. These are adjudicatory or adversarial proceedings. By contrast, in proceedings under JCR 1969, 8.3(B) and 11.1(B), the evidence need only be relevant and material or no type of evidence is specified. These are dispositional proceedings. The difference in the evidence that is admissible in these proceedings indicates an intent to have greater flexibility in the admission and consideration of evidence at disposition than at adjudication.

The Institute of Judicial Administration—American Bar Association (IJA-ABA) Joint Commission on Juvenile Justice Standards, Standards Relating to Transfer Between Courts, Std 2.2 C, p 39 (1980), also treats phase two of waiver proceedings as dispositional proceedings with respect to evidentiary questions. The IJA-ABA Juvenile Justice Standards Relating to Dispositional Procedures, Std 2.5 A, p 38 (1980), states that evidence should be relevant and material. The comment indicates that hearsay evidence is not objectionable where there are indicia of trustworthiness in addition to relevance.

Viewing phase two of the waiver proceeding as primarily dispositional and essentially of the nature of an ordinary sentencing proceeding does not violate a juvenile's due process rights. Our holding is within JCR 1969, 11, which has been found to meet the requirements of procedural due process. *People v Jackson,* 46 Mich App 764; 208 NW2d

526 (1973), see also IJA-ABA Juvenile Justice Standards. However, we do not intimate that the substance of criteria for a waiver is immune from review by this Court. A waiver of jurisdiction may be overturned where it clearly is based on materially untrue or unreliable information.

Applying the foregoing, it was not error for the probate court to consider reports containing hearsay information. Defendant does not claim that any constitutional rights were violated or that the evidence was untrue. The reports were relevant and material to show defendant's prior record and character. The documents considered were made available to defendant's counsel pursuant to JCR 1969, 11.4 for challenge, impeachment, criticism, and refutation. Therefore, we hold that the admission of hearsay information was not contrary to the applicable rules of evidence.

We now turn to defendant's second claim, whether the probate court erred by considering alleged prior criminal acts which did not result in conviction. What we have already said largely disposes of this question. We have characterized phase two of the waiver procedure as dispositional and have analogized it to the ordinary sentencing process. It is well-settled that trial courts, in imposing sentence, may consider other criminal activity for which no conviction resulted, provided that defendant has an opportunity for refutation. GCR 1963, 785.12, *People v Moore,* 70 Mich App 210; 245 NW2d 569 (1976). However, each case must rest on its own merit. *People v Newsum,* 105 Mich App 755; 307 NW2d 412 (1981).

In the present case, defendant's records were produced at the hearing and made a part of the record. Defendant's probation officer from Chicago appeared and testified concerning Williams's prior

record in Cook County. Defendant's counsel had full opportunity to cross-examine the probation officer and to ascertain the sources of all statements in the report and to rebut the statements. We see no lack of procedural fairness in the consideration of defendant's prior record. Additionally, the allegations and charges contained in the report all occurred in Chicago with facts unique to that area. Since phase two of the waiver hearing is not determinative of guilt or innocence, the probate court's relience upon this evidence to make findings in compliance with JCR 1969, 11.1(B) is proper.

The probate court's findings rigidly adhere to the statutory criteria outlined in MCL 712A.4(4); MSA 27.3178(598.4)(4) and the court rules under JCR 1969, 11.1(B). There is no question that the probate court's findings were more than adequate to support the waiver. The probate court did not err in granting the petition for waiver of jurisdiction. The circuit court is affirmed.

Affirmed.