## PEOPLE v BURDIN

Docket No. 98607. Submitted April 21, 1988, at Lansing. Decided July 8, 1988. Leave to appeal denied, 431 Mich 885.

James L. Burdin, a minor, was charged with conduct that would constitute assault with intent to commit murder, possession of a firearm during the commission of a felony, armed robbery and receiving and concealing stolen property if committed by an adult. The Oakland Probate Court dismissed the receiving and concealing charge at the prosecutor's request, dismissed the assault charge and the felony-firearm charge and added a reckless discharge of a firearm charge. The prosecutor appealed to the Oakland Circuit Court, which affirmed, Hilda R. Gage, J. The prosecutor appealed by leave granted.

The Court of Appeals *held:*

A magistrate should not discharge a defendant where the evidence conflicts or raises reasonable doubt of his guilt as such questions should be left for the trier of fact. The evidence presented would support a finding that defendant committed assault with intent to murder and felony-firearm. The court clearly erred in dismissing those charges.

Reversed.

1. INFANTS — CRIMINAL LAW — WAIVER OF JURISDICTION.

A probable cause determination made at a juvenile waiver of jurisdiction proceeding is analogous to that made at a preliminary examination; the standard of review corresponds to that applied in reviewing the decision of a magistrate; the reviewing court may not disturb a magistrate's decision unless a clear abuse of discretion is demonstrated.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — DISCHARGES.

A magistrate should not discharge a defendant where the evi-

---

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependant Children §§ 16 *et seq.*

Am Jur 2d, Criminal Law §§ 411 *et seq.*

See the Index to Annotations under Juvenile Courts and Delinquent Children.

dence conflicts or raises reasonable doubt of his guilt as such questions should be left for the trier of fact.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for appellant.

*Patrick M. Cleary,* for appellee.

Before: Kelly, P.J., and Sullivan and M. J. Shamo,* JJ.

Per Curiam. Defendant, age sixteen, was charged with assault with intent to commit murder, MCL 750.83; MSA 28.278, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), armed robbery, MCL 750.529; MSA 28.797, and receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803. The prosecutor sought to have the probate court waive jurisdiction over defendant so that he could be tried as an adult in circuit court. Following hearings on February 27, March 19 and April 22, 1986, the probate court dismissed the charge of receiving and concealing stolen property pursuant to the prosecution's request. The court also dismissed the charge of assault with intent to commit murder sua sponte, but concluded that there was probable cause to sustain the charges of felony-firearm and armed robbery. Upon rehearing on June 4, 1986, however, the court dismissed the felony-firearm charge and substituted a count of reckless discharge of a firearm, MCL 752.a863; MSA 28.436(24). The prosecution appealed to the circuit court. In an opinion dated January 30, 1987, the court affirmed the probate court's deci-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

sion to dismiss the charges. The prosecution appeals this decision by leave granted. We reverse.

The prosecution presents only one issue for our consideration: to wit, whether the circuit court clearly erred by affirming an abuse of discretion by the probate court in dismissing the charges of assault with intent to commit murder and felony-firearm.

A juvenile may be tried as an adult if the probate court waives its jurisdiction. A waiver hearing is conducted in two phases. Phase 1, at issue here, is a probable cause hearing.

MCL 712A.4(3); MSA 27.3178(598.4)(3) provides:

> Before the court waives jurisdiction, it shall determine if there is probable cause to believe that the child committed an offense which if committed by an adult would be a felony.

MCR 5.911(A)(1) also provides:

> Phase 1: Showing of Probable Cause. The court shall first determine if a crime has been committed, which, if committed by an adult, would be a felony, and if there is probable cause to believe that the child committed the crime. The determination must be based on legally admissible evidence.

A probable cause determination made at a juvenile waiver proceeding is analogous to that made at a preliminary examination. *People v Williams,* 111 Mich App 818, 822; 314 NW2d 769 (1981); *People v Allen,* 90 Mich App 128, 136; 282 NW2d 255 (1979). Thus, our standard of review corresponds to that applied in reviewing the decision of a magistrate. The reviewing court may not disturb a magistrate's decision unless a clear abuse of discretion is demonstrated. *People v Doss,* 406

Mich 90, 101; 276 NW2d 9 (1979); *People v Grihm*, 148 Mich App 285, 289; 383 NW2d 631 (1986). We find such an abuse in the present case.

In this case, the charge of assault with intent to commit murder was dismissed. The elements of that offense include (1) an assault, and (2) specific intent to commit murder which (3) if successful, would make the killing murder. *People v Harris*, 110 Mich App 636, 644; 313 NW2d 354 (1981). While this offense is a specific intent crime, such intent may be inferred from any facts in evidence. *People v Guy Taylor*, 422 Mich 554, 567-568; 375 NW2d 1 (1985).

After hearing the testimony, the probate judge ruled as follows:

> *The Court:* The Court is ready to rule. As far as your Count One, which has to do with intent to commit the crime of murder, making an assault upon an officer, there was no showing that there was any shooting at the officer. So, Count One, I believe, should be dismissed.

On review, the circuit court made the following findings:

> A review of the transcript, however, establishes that the issue was not the intent to kill, but, rather, the judge did not find that the defendant shot at the police officer. It was apparently undisputed that the defendant did fire a shot but the testimony apparently led to the Court's conclusion that the defendant fired the shot in the air and not at the officer.
>
> * * *
>
> Upon a full evaluation of the record, this Court is not persuaded that the Probate judge clearly abused his discretion in not binding the defendant over as charged. There was clearly credible evi-

dence supporting the Probate judge's determination.

Our review indicates that the probate court clearly erred in finding that there was no showing that defendant shot at Officer DeBottis. MCR 2.613(C). On the contrary, there was overwhelming evidence to support an opposite conclusion. The officer testified that, while he was following the van, defendant, who was sitting on the passenger side, opened the van door and fired a shot at him. As the officer continued in pursuit and pulled alongside of the van, defendant began shooting several times at him through an open window.

Officers Michael Shada and Mathew Scott Collins followed Officer DeBottis' car. Both officers testified that they observed the van passenger door open, saw a muzzle flash, and then heard Officer DeBottis radio that shots had been fired. Officer Collins expressly stated that the muzzle flash was directed at Officer DeBottis' car. Shortly thereafter, Officer Shada observed DeBottis pull his vehicle alongside of the van and then heard two shots come from the van followed by numerous other shots. Similarly, Officer Collins testified that he saw a passenger shoot two rounds, although he was uncertain whether the shots were directed at him or Officer DeBottis.

In addition to the officers' testimony, one of the juveniles who was also in the van at the time testified that defendant opened the passenger door and fired one shot. Finally, defendant admitted that he opened the passenger door and fired one shot but claimed that he merely fired in the air.

Although defendant's version of the events differs markedly from that given by the officers, a preliminary examination is not the proper forum to prove guilt or innocence beyond a reasonable

doubt. *Doss, supra,* p 103. Moreover, a magistrate should not discharge a defendant when, as here, the evidence conflicts or raises reasonable doubt of his guilt as such questions should be left for the trier of fact. *Id.; People v King,* 412 Mich 145, 153-154; 312 NW2d 629 (1981).

In view of the clear testimony to the contrary, quite frankly we are perplexed as to why the court concluded as it did. Nonetheless, after reviewing the evidence, we are convinced that the probate court abused its discretion by dismissing the charge of assault with intent to commit murder and, correspondingly, the circuit court erred in affirming this decision.

Our review and disposition in this matter also leads us to conclude that it was an abuse of discretion for the probate court to dismiss the felony-firearm charge. Clearly, the evidence presented supported a finding that the underlying felony, assault with intent to commit murder, was committed with a firearm and that there was probable cause to believe that defendant committed the offense.

Accordingly, we reverse the decision of the circuit court and remand the matter to the probate court to reinstate the charges of assault with intent to commit murder and felony-firearm, and to proceed with a Phase 2 hearing, as soon as possible in accordance with MCR 5.911(A)(2).

Reversed.