*In re* AMAC

Docket No. 263062. Submitted January 10, 2006, at Detroit. Decided January 24, 2006, at 9:15 a.m.

The Department of Human Services petitioned the Oakland Circuit Court, Family Division, to take jurisdiction over the newborn child of Brandy Lee Cox and to terminate her parental rights to that child. Following a preliminary hearing, the court, Linda S. Hallmark, J., authorized the petition and took temporary custody of the child. After the adjudication, and without further proceedings, the court issued an opinion concluding that the petitioner had met its burden of proof and entered an order terminating the respondent's parental rights on several statutory grounds. The respondent appealed.

The Court of Appeals *held*:

The trial court erred by terminating the respondent's parental rights following the adjudication without affording the respondent her right to a dispositional hearing, as required by MCR 3.973. The adjudicative and dispositional phases of a child protective proceeding serve different purposes. While the adjudicative phase involves a determination whether the trial court may exercise jurisdiction over the child, the dispositional phase involves a determination of what action, if any, will be taken on behalf of the child. Without a dispositional hearing, a respondent is denied the opportunity to present evidence that was not admissible or relevant in the adjudicative phase in an attempt to prove that termination of parental rights is clearly not in the child's best interests, a right and protection granted by MCL 712A.19b(5). This opportunity is particularly important in a case such as this, in which there is no possibility of the respondent prevailing with regard to at least one of the statutory grounds for termination because her parental rights to other children were previously voluntarily terminated.

Order terminating parental rights vacated; case remanded for further proceedings.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — DISPOSITIONAL HEARING.

A court that has obtained jurisdiction over a minor child following an adjudication in a child protective proceeding may not terminate an

individual's parental rights to that child without conducting a dispositional hearing to determine what measures the court will take with respect to the child; the dispositional hearing must provide the parent an opportunity to present evidence to prove that termination is clearly not in the child's best interests (MCL 712A.19b[5]; MCR 3.973, 3.977[E]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Danielle Walton*, Assistant Prosecuting Attorney, for the petitioner.

*J. Douglas Otlewski* for the respondent.

*William Lansat* for the minor child.

Before: CAVANAGH, P.J., and HOEKSTRA and MARKEY, JJ.

CAVANAGH, P.J. Respondent appeals as of right an order terminating her parental rights to the minor child, AMAC, under MCL 712A.19b(3)(b)(i) (child or sibling suffered abuse and reasonable likelihood child will be abused), (g) (failure to provide proper care or custody), (j) (reasonable likelihood of harm if child is returned to parent's home), (k)(*vi*) (parent abused child or sibling and abuse included murder or attempted murder), and (m) (parental rights to another child voluntarily terminated under child protective laws). We vacate the order terminating parental rights.

A petition requesting termination of respondent's parental rights was filed following the birth of AMAC, which primarily alleged that AMAC faced a risk of harm if released from the hospital to her mother, respondent, because respondent's parental rights to two other children were voluntarily terminated after she attempted to strangle them to death. After a preliminary hearing

was conducted, the petition was authorized and the court took temporary custody of the child. A trial, also known as an adjudicative hearing, was scheduled and conducted over the course of three days. See MCR 3.972; *In re CR*, 250 Mich App 185, 200; 646 NW2d 506 (2002). During the course of the trial, reference to a possible, future "best interests" hearing was made by respondent's counsel, as well as the guardian ad litem. In fact, respondent's counsel indicated that certain witnesses would be called at a "best interests" hearing but not at the adjudicative hearing.

At the conclusion of the proofs, consistently with MCR 3.972(D), the guardian ad litem recommended to the court that the only statutory ground alleged in the petition that was proven was that of the prior terminations. He also indicated that termination was not recommended at that point and that a psychiatric evaluation of respondent would be of great import to future proceedings. The trial court closed the hearing with the statement that it would take the matter under advisement and render a written opinion. The written opinion setting forth the court's findings of fact and conclusions of law was issued about two months later, and included the statement that "[t]he court finds that the prosecutor has met their burden of proof by clear and convincing evidence and terminates mother's parental rights pursuant to MCL 712A.19b(3)(b)(i), 3(g), 3(j), 3(k)(vi) and 3(l)[1] of the Juvenile Code." An order terminating respondent's parental rights was entered accordingly. Respondent appeals.

Respondent first argues that she was entitled to a "best interests" hearing before her parental rights were terminated, the deprivation of which constituted a

---

[1] It appears that the court's reference to subsection 3(*l*) was erroneous and that the court meant to refer to subsection 3(m).

denial of due process and violations of MCL 712A.19b(5) and MCR 3.977. We agree in part. Constitutional questions and issues of statutory interpretation, as well as family division procedure under the court rules, are reviewed de novo. See *In re MU*, 264 Mich App 270, 276-277; 690 NW2d 495 (2004); *In re CR, supra* at 197, 200.

Child protective proceedings have long been divided into two distinct phases: the adjudicative phase and the dispositional phase. See MCR 3.972; MCR 3.973; see, also, *In re PAP*, 247 Mich App 148, 153; 640 NW2d 880 (2001); *In re Nunn*, 168 Mich App 203, 206-207; 423 NW2d 619 (1988); *In re Frasier*, 147 Mich App 492, 494-495; 382 NW2d 806 (1985). The adjudicative phase occurs first and involves a determination whether the trial court may exercise jurisdiction over the child, i.e., whether the child comes within the statutory requirements of MCL 712A.2(b). *In re Brock*, 442 Mich 101, 108-109; 499 NW2d 752 (1993). During the adjudicative phase, a trial may be held to determine whether any of the statutory grounds alleged in the petition have been proven.[2] MCR 3.972(E). If a trial is held, the respondent is entitled to a jury determination of the facts, the rules of evidence for a civil proceeding apply, and the standard of proof is a preponderance of the evidence. MCR 3.911; MCR 3.972(C)(1); *In re PAP, supra* at 152-153. After the trial, "the verdict must be whether one or more of the statutory grounds alleged in the petition have been proven." MCR 3.972(E). That is, the verdict must be whether the child comes within the jurisdiction of the court. If the court acquires jurisdiction over the child, the dispositional phase follows.

---

[2] We state that a "trial may be held" in the adjudicative phase because the right to a trial is waived when a respondent makes a plea of admission or of no contest. See MCR 3.971.

The dispositional phase involves a determination of what action, if any, will be taken on behalf of the child. See *In re Brock, supra* at 108. MCR 3.973 applies to this phase and provides, in part:

> (A) Purpose. A dispositional hearing is conducted to determine what measures the court will take with respect to a child properly within its jurisdiction and, when applicable, against any adult, once the court has determined following trial, plea of admission, or plea of no contest that one or more of the statutory grounds alleged in the petition are true.
>
> (B) Notice. Unless the dispositional hearing is held immediately after the trial, notice of hearing may be given by scheduling it on the record in the presence of the parties or in accordance with MCR 3.920.

Unlike the adjudicative hearing, at the initial dispositional hearing the respondent is not entitled to a jury determination of the facts and, generally, the Michigan Rules of Evidence do not apply, so all relevant and material evidence is admissible. MCR 3.911; MCR 3.973(E); MCR 3.977(A)(3); *In re Brock, supra* at 108. If permanent termination of parental rights is sought, the petitioner bears the burden of proving the statutory basis for termination by clear and convincing evidence. MCR 3.977(A)(3) and (E); *In re Brock, supra* at 111-112.

Termination of parental rights may be ordered at the initial dispositional hearing. MCR 3.977(E); see, also, MCL 712A.19b(4). However, several conditions must be met, including (1) that the original or amended petition requested termination, (2) that the trier of fact found by a preponderance of the evidence at the adjudicative hearing that the child came within the jurisdiction of the court, and (3) that at the initial dispositional hearing, the court finds by clear and convincing legally admissible evidence that had been introduced at the adjudicative hearing or the plea proceeding or that is

introduced at the dispositional hearing that a statutory ground for termination is established, "unless the court finds by clear and convincing evidence, in accordance with the rules of evidence as provided in subrule (G)(2), that termination of parental rights is not in the best interests of the child." MCR 3.977(E).

In this case, there was an adjudicative hearing that concluded with the trial court rendering its written opinion and order terminating respondent's parental rights without a dispositional hearing either immediately following the trial or by proper notice after the trial. See MCR 3.973(B). We construe the plain and ordinary language of MCR 3.973(A) as requiring a dispositional hearing to be "conducted to determine what measures the court will take with respect to a child properly within its jurisdiction . . . ." See *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002) (rules of statutory interpretation apply to the interpretation of court rules). Clearly, the dispositional hearing is to be held after the adjudicative phase of the proceeding in which it was determined that the child was properly within the court's jurisdiction. See MCR 3.973(A). And the dispositional hearing must be held either *immediately following the adjudicative hearing* or after proper notice. See 3.973(B). Therefore, the trial court erred here in not affording respondent her right to a dispositional hearing. See *In re PAP, supra* at 153; *In re Nunn, supra* at 207-208.

Our holding is consistent with longstanding practice and is cognizant of the different purposes served by the two phases of child protective proceedings. The dispositional phase is particularly important when permanent termination of parental rights is sought and the respondent entered a plea of admission or a plea of no contest, or when one of the statutory grounds for

termination is clearly and convincingly established during the adjudicative phase, because it provides the respondent with an opportunity to persuade the court that, although a statutory ground for termination is met, termination is not in the best interests of the child. See *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000). This case presents that situation. Here, there is no possibility of respondent prevailing with regard to at least one of the statutory grounds for termination, namely MCL 712A.19b(3)(m).[3] As illustrated by clear and convincing evidence, including respondent's trial testimony, her parental rights to two other children were previously voluntarily terminated. Thus, the dispositional hearing will necessarily focus only on the best interests of the child because that remains the only dispositive disputed issue.[4] Without a dispositional hearing, a respondent is denied the opportunity to present evidence that was not admissible or relevant in the adjudicative phase of the proceeding in an attempt to prove that termination is clearly not in the child's best interests, a right and protection granted by MCL 712A.19b(5).[5] See *In re Trejo, supra* at 356. That is, in fact, what happened in this case despite respondent's counsel's and the guardian ad litem's repeated references to a future "best interests" hearing, the expectation of which was not debunked by the trial court.

---

[3] MCL 712A.19b(5) provides that if the petitioner proves at least one ground for termination by clear and convincing evidence, the court "shall order termination of parental rights . . . ." See *In re Trejo, supra* at 351.

[4] We recognize that dispositional hearings, particularly when termination is sought, may be divided into two segments—one focusing on whether a ground for termination is proved by clear and convincing evidence and, if proved, a segment focusing on whether termination is not in the best interests of the child—because of the different evidentiary standards. See MCR 3.977(E)(3).

[5] We recognize that a respondent is not *required* to produce such evidence. *In re Trejo, supra* at 352.

We further note in this case that the trial court did not address the child's best interests in its opinion, another deviation from the clear mandate that the child's best interests be considered and that such findings and conclusions be stated in the record or in writing. See *In re Trejo, supra* at 351, 356, citing MCL 712A.19b(1). However, we realize that the trial court may not have been able to make findings on the child's best interests because of a deficient record, which is one reason the parties must be given an opportunity to present evidence on the issue in a dispositional hearing, whether or not they take advantage of that opportunity. See *In re Gazella*, 264 Mich App 668, 678; 692 NW2d 708 (2005). Accordingly, we conclude that respondent's rights under MCL 712A.19b(5), MCR 3.973, and MCR 3.977(E) were erroneously denied, and we vacate the order terminating her parental rights and remand for a dispositional hearing. Because this case can be resolved on nonconstitutional grounds, we will not decide the due process issue presented. *Pythagorean, Inc v Grand Rapids Twp*, 253 Mich App 525, 527; 656 NW2d 212 (2002).

Respondent also argues that the trial court improperly took judicial notice of a personal protection order file in terminating respondent's parental rights because she was not given the opportunity to respond to this evidence. After review de novo of this issue of law and procedure, we disagree. *In re CR, supra* at 200. The petition filed to initiate this protective proceeding referenced the previous case as required by MCR 3.961(B)(7). Respondent, therefore, had notice and the opportunity to object or otherwise respond to the information; thus, this issue is without merit. In any event, because testimony was introduced during the adjudicative hearing that included respondent's contact with the other children, the judicially noticed material was

largely cumulative and no relief is warranted. However, because we are remanding the matter to the trial court for a dispositional hearing, respondent will have the chance to address this evidence.

Order terminating parental rights vacated, and case remanded for proceedings consistent with this opinion. We do not retain jurisdiction.