# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. R. BELL-SMITH, Minor.

UNPUBLISHED
August 2, 2016

No. 331586
Wayne Circuit Court
Family Division
LC No. 15-520184-NA

Before: SHAPIRO, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent-father, Lataurus Bell, appeals as of right a circuit court order terminating his parental rights to the minor child, J.R.B.S., pursuant to MCL 712A.19b(3)(b)(*i*), (g), and (k)(*ix*). Due to the trial court's material evidentiary and procedural errors that compromised its determination regarding both jurisdiction and the statutory grounds for termination, we reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

On June 25, 2015, the minor child made a disclosure during a forensic interview with Loren Schiener, a forensic interviewer at the Child Guidance Center, that she had been sexually abused by her father, respondent. Petitioner subsequently filed a petition for permanent custody of the child in regards to respondent, which the court authorized, releasing the child to her mother.

Petitioner sought termination of respondent's parental rights at the initial dispositional hearing, MCR 3.977(E), based on the child's recent disclosure of sexual abuse following an extended visit to respondent's home. On December 4, 2015, the trial court held a hearing pursuant to MCR 3.972(C) to determine the admissibility of the child's statements contained on the DVD recording of the forensic interview. That rule, which governs the admission of evidence at trial, provides in relevant part:

> (2) Any statement made by a child under 10 years of age . . . regarding an act of child abuse, child neglect, sexual abuse, or sexual exploitation, as defined in MCL 722.622(f), (j), (w), or (x), performed with or on the child by another person may be admitted into evidence through the testimony of a person who heard the child make the statement as provided in this subrule.

-1-

(a) A statement describing such conduct may be admitted regardless of whether the child is available to testify or not, and is substantive evidence of the act or omission if the court has found, in a hearing held before trial, that the circumstances surrounding the giving of the statement provide adequate indicia of trustworthiness. This statement may be received by the court in lieu of or in addition to the child's testimony.

Following the evidentiary hearing, the trial court determined that the DVD recording was admissible and used the child's statements contained within it during the subsequent trial, held on January 28, 2016, to determine both jurisdiction over the child and to establish statutory grounds for termination. The trial court entered an order termination respondent's parental rights pursuant to §§ 19b(3)(b)(*i*), (g), and (k)(*ix*).

## II. ANALYSIS

The trial court erred in two detrimental ways; first, it admitted the wrong evidence at the hearing conducted on January 28, 2016; second, that hearing was a combined adjudicative and dispositional hearing, rather than two separate hearings, as required by law.

"MCL 712A.17b(5) requires a trial court to admit videorecordings of a child's forensic interview," however, a witness's recorded forensic interview it is not admissible during the adjudicative phase of a child protective proceeding. *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 632; 853 NW2d 459 (2014). Working in tandem with MCL 712A.17b, "MCR 3.972(C)(2)(a) forces petitioner to produce at [adjudicative hearings] any witnesses claiming that a child victim made statements of abuse heard by the witness if petitioner wishes to rely on such statements in the case." *In re* Martin, __ Mich App __; __ NW2d__ (2016) (Docket No. 330231); slip op at 4. Rather than admitting the testimony of those persons who heard the child disclose the sexual abuse, such as the child's mother, grandmother, or the forensic interviewer, the trial court admitted the child's own statements regarding the abuse made during a forensic interview by way of the DVD recording. While the trial court was required under law to admit this evidence during the preliminary hearing, commonly referred to as the tender-years hearing, and during the dispositional hearing, if the court was found to have jurisdiction, its consideration of this evidence at the adjudicatory hearing was improper. Due to the fact that petitioner presented no evidence apart from the recorded interview to establish that abuse occurred, thus bringing the child within the court's jurisdiction, and that evidence was inadmissible for that purpose, the trial court erred in finding that it had jurisdiction over the child under MCL 712A.2(b).

Secondly, the trial court compounded that error by failing to conduct separate adjudicative and dispositional hearings as required by law. This Court explained a decade ago that child protective proceedings are "divided into two distinct phases: the adjudicative phase and the dispositional phase." *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006). "The adjudicative phase occurs first and involves a determination whether the trial court may exercise jurisdiction over the child, i.e., whether the child comes within the statutory requirements of MCL 712A.2(b)." *Id*. If the trial court finds that it has jurisdiction, "the dispositional phase follows" to determine "what action, if any, will be taken on behalf of the child." *Id*. at 536-537. Even where termination is sought at the initial dispositional hearing,

separate hearings must be held, although the dispositional hearing may be held "immediately following the adjudicative hearing . . . " *Id*. at 538. The trial court here did not follow *In re AMAC* and conducted a combined adjudicative and dispositional hearing.

The only evidence of sexual abuse offered at the combined hearing was the child's statements of sexual abuse in the recording of the forensic interview, which were used to establish both a basis for the assumption of jurisdiction and to prove the statutory grounds for termination. MCR 3.977(E)(3) requires that the statutory grounds for termination be proved by legally admissible evidence "that had been introduced at the trial . . . or that is introduced at the dispositional hearing[.]" As previously discussed, the DVD was not legally admissible evidence for purposes of the adjudicative phase, and although the DVD was arguably legally admissible for purposes of the dispositional phase and the trial court could have made its findings regarding the statutory grounds based on evidence at the dispositional hearing, it did not conduct a separate dispositional hearing. It thus appears that the trial court made its determination regarding the statutory grounds on the evidence "that had been introduced at the trial," which was not admissible. Therefore, the trial court erred in finding that the statutory grounds for termination had been proved by clear and convincing legally admissible evidence.

For these reasons, we reverse the trial court's order of termination and remand this case to the trial court. Because we are reversing the trial court's order, it is not necessary to address respondent's arguments regarding the child's best interests.

Reversed and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause

-3-