# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* R J B B III HIGGS, Minor.

UNPUBLISHED
December 1, 2016

No. 332848
Shiawassee Circuit Court
Family Division
LC No. 15-013734-NA

Before: RIORDAN, P.J., and METER and OWENS, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court order terminating her parental rights to the minor child under MCL 712A.19b(3)(g) (failure to provide proper care or custody for the child), MCL 712A.19b(3)(i) (previous terminations of parental rights for serious and chronic neglect or physical or sexual abuse), and MCL 712A.19b(3)(j) (reasonable likelihood that the child will be harmed if returned to the parent's home).[1]  We vacate (1) the trial court's findings in its October 13, 2015 order that a statutory basis for termination of respondent's parental rights had been established by clear and convincing evidence, and (2) its April 12, 2016 order terminating respondent's parental rights.  We also remand for further proceedings.

## I. FACTS AND PROCEEDINGS

Petitioner, the Department of Health and Human Services ("DHHS"), sought to terminate respondent's parental rights to the minor child within days after the child was born.  The initial petition, which sought both removal and termination of respondent's parental rights, was based on allegations of unstable and unsuitable housing, cognitive impairments and mental health issues, drug-related concerns, petitioner's belief that respondent was not capable of caring for her child, and the fact that respondent's rights to two other children had been terminated.

At an October 13, 2015 plea hearing, the parties indicated that respondent wished to enter a no contest plea to the trial court's exercise of jurisdiction over the child and, in order to establish a statutory ground for termination, to the fact that her parental rights to other children

---

[1] During the termination proceedings, the parental rights of the child's father also were terminated, but he is not a party to this appeal.  Thus, we will refer to respondent-mother as "respondent" in this opinion.

had been previously terminated. At the beginning of the hearing, the trial court stated, "So the no contest plea into [sic] the jurisdiction would also be accepting the statutory basis for termination against mother." Respondent's attorney agreed with the trial court's statement, but clarified that respondent's plea, to the extent that it applied to a statutory basis for termination, was limited "to the fact that there were prior terminations of her parental rights as to other children." Ultimately, after discussing the usual course of termination proceedings, explaining the rights and burdens of proof applicable during each stage, and ensuring that respondent's plea was knowing and voluntary, the court ruled that there was adequate justification for it to exercise jurisdiction over the child. Contrary to the limitation articulated by respondent's attorney, the trial court concluded that there was a statutory basis to terminate respondent's parental rights under MCL 712A.19b(3)(g), (i), and (j).

The court then signed an order of adjudication and adjourned for the original dispositional hearing. Following the original dispositional hearing, an order of disposition was signed by the court, which placed the child in the temporary custody of the court, ordered the parents to comply with the case service plan, and set the matter for a review hearing.

Following the review hearing, the court signed a new original order of disposition and signed an Order Following Dispositional Review/Permanency Planning Hearing, which continued the child's placement in the temporary custody of the court, ordered the parents to comply with the case service plan, and set the matter for a combined dispositional review hearing and permanency planning hearing.

Several months later, after respondent had been given an opportunity to benefit from services, the court held a best-interest hearing in March 2016, even though a supplemental petition seeking termination of respondent's parental rights had not been filed.[2] The only evidence proffered during the hearing was testimony from a DHHS foster care specialist, who stated that her attempts to provide respondent with services since the plea hearing were unsuccessful and that respondent had not visited the child since November 2015. In the end, the court determined that termination of respondent's parental rights was in the child's best interests, noting that respondent had not taken advantage of visitation opportunities in several months and reasoning that respondent was unable to provide the child permanence or a safe environment.

---

[2] We note that DHHS generally is not required to provide services when immediate termination is sought at the initial disposition, see MCL 712A.19a(2); MCL 722.638; MCL 712A.18f(1)(b). We also note that the trial court's intended plan would have failed to comply with the maximum time allowed between the trial and the initial dispositional hearing under MCR 3.973(C), although the court explained at the termination hearing that it intentionally did so "in an effort to be a bit, well [sic] creative," based on its personal frustration with DHHS's internal policies (which, in this case, were required by MCL 722.638), and "took a plea . . . and set this out approximately six months to see if [respondent] could change the tide on best interests and save the child/parent relationship." However, the trial court did, in fact, comply with the court rule when it held the initial dispositional hearing on November 9, 2015.

Consistent with its ruling on the record, the trial court entered an order terminating respondent's parental rights on April 12, 2016.

## II. MCL 712A.19b(3)(i)

Respondent's general argument on appeal is that the trial court erroneously terminated her parental rights without adequate "legal justification" under MCL 712A.19b(3)(i). In particular, she contends that the trial court focused solely on the fact that her parental rights were previously terminated without making additional findings regarding (1) whether the prior terminations were "due to serious and chronic neglect or physical or sexual abuse," MCL 712A.19b(3)(i); (2) whether "prior attempts to rehabilitate [respondent] [were] unsuccessful," *id.*; and (3) whether the services previously provided to respondent "could or should have addressed the issues for which the current termination [petition] had been filed." Although respondent fails to cite the applicable court rule in her brief on appeal, she is effectively contesting the trial court's acceptance of her no contest plea for the purpose of establishing a statutory ground for termination under MCL 712A.19b(3)(i), without ascertaining factual support for the plea. See MCR 3.971(C)(2). We agree that the trial court's acceptance of her plea to the statutory ground for termination under MCL 712A.19b(3)(i) was improper.

### A. STANDARD OF REVIEW

Generally speaking, we review "for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). However, because respondent failed to object to the plea-related procedure used by the trial court in determining whether a statutory basis existed for termination of her parental rights, we review respondent's unpreserved, procedural claim for plain error affecting her substantial rights. *In re Utrera*, 281 Mich App 1, 8-9; 761 NW2d 253 (2008).

### B. ANALYSIS

In light of the parties' discussion with the trial court on the record and the way in which the trial court managed the plea proceedings, it seems highly probable that respondent and her counsel may have intended, at least at the time of the plea hearing, to *stipulate* to a statutory ground for termination under MCL 712A.19b(3)(i), and that the parties and the trial court implicitly handled the plea hearing with this intention in mind. However, on the other hand, the parties repeatedly referred to respondent's intent to enter a *no contest plea* expressly limited "to the fact that there were prior terminations of her parental rights as to other children." Thus, given the lack of clarity in the record, we will assume that respondent intended to enter a no contest plea, subject to the applicable procedural safeguards, and did not intend to unconditionally stipulate to a statutory basis for termination under MCL 712A.19b(3)(i).

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "A respondent may make a plea of admission or of no contest to the original allegations in the petition." MCR

3.971(A). The standards that a trial court must meet before accepting a no-contest plea are set forth in MCR 3.971.[3] This case implicates MCR 3.971(C)(2), which provides in relevant part:

> The court shall not accept a plea of . . . no contest without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true, preferably by questioning the respondent *unless the offer is to plead no contest. If the plea is no contest, the court shall not question the respondent, but, by some other means, shall obtain support for a finding that one or more of the statutory grounds alleged in the petition are true.* The court shall state why a plea of no contest is appropriate. [Emphasis added.]

As previously explained, it appears from the plea hearing transcript that respondent intended to plead no contest to allegations that would have established clear and convincing evidence that termination of her parental rights was proper under MCL 712A.19b(3)(i), which applies when "[p]arental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful." In order to properly accept respondent's no-contest plea, the court was required to obtain factual support for the facts that respondent's rights to at least one of her other children had been terminated for either "serious and chronic neglect" or for "physical or sexual abuse," and that prior attempts to rehabilitate respondent had been unsuccessful. See MCR 3.971(C)(2); *In re Gach*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 328714); slip op at 5 (explaining the findings that a trial court is required to make in order to conclude that termination of a respondent's parental rights is proper under MCL 712A.19b(3)(i)).

Respondent did not specifically plead no contest to the allegations in the petition regarding the previous CPS cases in which she had been involved and the services that she had been provided. She also did not plead no contest to any allegations concerning the specific reasons for the prior terminations of her parental rights or the fact that prior attempts to rehabilitate her were unsuccessful. Likewise, the trial court made no reference to the reasons for the earlier terminations, and there is no indication in the record, including in the petition itself, that respondent's rights were previously terminated for either "serious and chronic neglect" or for "physical or sexual abuse."[4] Further, the trial court identified no evidence regarding the

---

[3] MCR 3.971 describes rights afforded to pleas entered during the adjudicative phase of child protective proceedings. See *In re AMAC*, 269 Mich App 533, 537; 711 NW2d 426 (2006). As a result, strict compliance with MCR 3.971 is not possible during the dispositional phase, but under MCR 3.902(A), a trial court is permitted construe the court rules in a manner that "secure[s] fairness, flexibility, and simplicity. The court shall proceed in a manner that safeguards the rights and proper interests of the parties."

[4] A DHHS employee testified during the preliminary hearing—specifically on the issue of whether it was contrary to the child's welfare to remain in respondent's care and whether reasonable efforts had been made to prevent removal—that respondent's parental rights had been terminated twice before for "housing inadequacies, untreated mental health conditions, and substance use," and that respondent had received numerous services. But the trial court made no

success or failure of prior attempts to rehabilitate respondent. Therefore, it improperly accepted respondent's no contest plea to the statutory ground for termination and erroneously concluded that a statutory basis for termination had been established under MCL 712A.19b(3)(i) by clear and convincing evidence.

### III. MCL 712A.19b(3)(g) and (j)

Respondent also contests the trial court's finding that a statutory basis for termination had been established under MCL 712A.19b(3)(g) and (j). We agree.

As mentioned above, respondent specifically limited her no contest plea by stating, through her counsel, that "[t]he statutory basis . . . is confined to the fact that there were prior terminations of her parental rights as to other children." See MCL 712A.19b(3)(i). Thus, it is apparent that respondent failed to plead no contest to allegations that would have established clear and convincing evidence for purposes of MCL 712A.19b(3)(g) and (j), and no evidence was proffered during the plea hearing that would have otherwise established that termination of respondent's parental rights under MCL 712A.19b3(g) and (j) was proven by clear and convincing evidence.

Given the express limitation of her plea, respondent was entitled to have any other statutory ground for termination proven by clear and convincing evidence. See *In re JK*, 468 Mich 202, 210; 661 NW2d 216 (2003); *In re AMAC*, 269 Mich App 533, 536-537; 711 NW2d 426 (2006). Thus, the trial court further erred in concluding that a statutory basis for termination had been established under MCL 712A.19b(3)(g) and (j).

### IV. CONCLUSION

The trial court erroneously accepted respondent's no contest plea to statutory grounds for termination under MCL 712A.19b(3)(g), (i), and (j). Accordingly, respondent's plea and the subsequent order terminating her parental rights must be set aside.[5] See *In re Wangler*, 498 Mich at 911.

---

reference to this statement during the plea hearing, and there is no indication in the record that this testimony was used to establish factual support for the no contest plea. Moreover, the caseworker's testimony does not establish on its own that respondent's rights were terminated for "serious and chronic neglect" or "physical or sexual abuse."

[5] We also note that once the trial court enters an initial order of disposition that places the child in the temporary custody of the court, orders the parent to comply with an original or amended case service plan, and sets the matter for a dispositional review hearing, the parent's parental rights may not be terminated unless a supplemental petition is filed, one or more statutory grounds for termination are established under MCL 712A.19b(3), and the trial court finds that termination is in the child's best interests. MCR 3.977(H).

The order terminating respondent's parental rights is vacated and the matter is remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Michael J. Riordan
/s/ Patrick M. Meter
/s/ Donald S. Owens