# STATE OF MICHIGAN

# COURT OF APPEALS

In re J. THOMPSON, Minor.

FOR PUBLICATION
December 15, 2016
9:20 a.m.

No. 333294
Genesee Circuit Court
Family Division
LC No. 14-130960-NA

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

PER CURIAM.

A decade ago, this Court held that a parent's rights to his or her child may only be terminated at the initial disposition if the circuit court *first* finds grounds to exercise jurisdiction over the child. Here, the circuit court conducted only a termination hearing and considered jurisdiction as an afterthought. Accordingly, we vacate the adjudicative and termination orders and remand to the circuit court to handle these proceedings in the manner and order dictated by law.

## I. BACKGROUND

In September 2014, the circuit court terminated respondent-mother's rights to two children who were then nine and six years old, based on the 2006 and 2013 deaths of the children's infant siblings due to unsafe sleeping conditions. Respondent hid from the court and the authorities that she was then pregnant with her fifth child.

JT was born on November 15, 2014, and the Department of Health and Human Services (DHHS) immediately filed a petition simultaneously seeking jurisdiction over the child and termination of respondent's parental rights. The court authorized the petition on November 19 and JT was placed in unrelated foster care upon his release from the hospital.

On January 23, 2015, the circuit court heard testimony from a Child Protective Services investigator, the foster care worker assigned to this case, and respondent-mother. At the close of testimony, attorneys for the DHHS and the minor child made closing arguments focused solely on the termination grounds. The court then iterated its findings and determined that termination of respondent's parental rights was supported under several MCL 712A.19b(3) factors. The court also concluded that termination was in JT's best interests.

-1-

Only at the close of the court's termination decision was jurisdiction considered. DHHS counsel queried, "Judge, will you make a record in terms of the findings as to jurisdiction[?]" The court replied:

> I'm glad you did. Oftentimes with these cases, we already have jurisdiction, but we didn't. Having found clear and convincing evidence, I don't think there's much question that there is more than a preponderance of evidence that the Court should take jurisdiction in this matter.
>
> So, the Court will make a finding that the Court will, in fact, take jurisdiction over the minor child, [JT], in addition to my earlier findings that there should be termination. . . .

Respondent now appeals.[1]

## II. ANALYSIS

The failure to adjudicate respondent before proceeding to disposition was a fatal flaw in these proceedings.

"Child protective proceedings have long been divided into two distinct phases: the adjudicative phase and the dispositional phase." *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006). During the adjudicative phase, the court considers the propriety of taking jurisdiction over the subject child. *In re Sanders*, 495 Mich App 394, 404; 852 NW2d 524 (2014). This can be done in two ways. First, a parent may plead to the allegations in a jurisdictional petition, thereby bringing the child under the court's protection. MCL 3.971; *Sanders*, 495 Mich at 405; *AMAC*, 269 Mich App at 536. Second, the parent may demand a trial (bench or jury) to contest the allegations. MCL 3.972; *Sanders*, 495 Mich at 405; *AMAC*, 269 Mich App at 536.

Respondent did not plead to jurisdictional grounds. A review of the hearing transcript reveals that no adjudication trial took place; rather the court skipped right to termination. It would be a mischaracterization to say that termination occurred at the initial disposition. In order to have an initial disposition, there must *first* be an adjudication. As described in *AMAC*, 269 Mich App at 537-538:

> Termination of parental rights may be ordered at the initial dispositional hearing. MCR 3.977(E); see also MCL 712A.19b(4). However, several conditions must be met, including (1) that the original or amended petition requested termination, (2) *that the trier of fact found by a preponderance of the evidence at the adjudicative hearing that the child came within the jurisdiction of*

---

[1] Respondent challenges the delay to her appeal caused by the circuit court misplacing her appellate claim and request for counsel. Counsel has been appointed and this Court accepted respondent's appeal as of right. There is no further relief that can be granted in this regard.

*the court*, and (3) that at the initial dispositional hearing, the court finds by clear and convincing legally admissible evidence that had been introduced at the adjudicative hearing or the plea proceeding or that is introduced at the dispositional hearing that a statutory ground for termination is established, "unless the court finds by clear and convincing evidence, in accordance with the rules of evidence as provided in subrule (G)(2), that termination of parental rights is not in the best interests of the child." MCR 3.977(E). [Emphasis added.]

In *AMAC*, the circuit court conducted an adjudicative hearing and took jurisdiction over the child in relation to the respondent-parent. But the court then proceeded to terminate the respondent's parental rights without moving into the dispositional phase. This could not be done. This Court held that the dispositional hearing could be conducted "immediately following the adjudicative hearing" but the two could not be converged such that there was no distinction. *AMAC*, 269 Mich App at 538.

Here, the melding happened in reverse. The circuit court failed to conduct an adjudicative trial. Instead, the court took evidence in one sitting and reached a termination decision before considering whether jurisdiction was appropriate. The court put the dispositional cart before the adjudicative horse. This was procedurally unsound.

Accordingly, we must vacate and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Given this resolution, we need not reach respondent's remaining appellate challenges.

/s/ Kirsten Frank Kelly
/s/ Elizabeth L. Gleicher
/s/ Douglas B. Shapiro