# STATE OF MICHIGAN

# COURT OF APPEALS

In re BATES, Minors.

UNPUBLISHED
November 13, 2018

No. 343413
Wayne Circuit Court
Family Division
LC No. 05-445775-NA

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Petitioner appeals as of right the order dismissing its petition against respondents, TN and DB. The petition requested that the trial court take jurisdiction over the minor children, ZB and KB, under MCL 712A.2(b)(1) (failure to provide children with necessary care and support) and (2) (home environment is unfit for children). We affirm.

Petitioner argues that the trial court erred by declining to exercise jurisdiction over ZB and KB because the record supported a finding of jurisdiction under MCL 712A.2(b)(1) and (2).

This Court reviews the trial court's rulings regarding jurisdiction "for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

Child protective proceedings consist of an adjudicative phase and a dispositional phase. *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006). Petitioner's issue on appeal pertains to the adjudicative phase, which "involves a determination whether the trial court may exercise jurisdiction over the child, i.e., whether the child comes within the statutory requirements of MCL 712A.2(b)." *Id*. At least one statutory ground for asserting jurisdiction under MCL 712A.2(b) must be proven, either through a trial or by plea, in order for the trial court to properly exercise jurisdiction. *In re SLH*, 277 Mich App 662, 669; 747 NW2d 547 (2008). Because respondents chose to contest the merits of the petition by requesting an adjudication on the matter, "petitioner ha[d] the burden of proving by a preponderance of the evidence one or more of the statutory grounds for jurisdiction alleged in the petition[.]" *In re Sanders*, 495 Mich 394, 405; 852 NW2d 524 (2014).

Petitioner argues that statutory grounds for exercising jurisdiction existed under MCL 712A.2(b)(1) and (2), which state that a trial court can exercise jurisdiction over a minor child:

(1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.

* * *

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. [MCL 712A.2(b)(1) and (2).]

A review of the record indicates that the trial court did not clearly err by concluding that petitioner failed to prove, by a preponderance of the evidence, that respondents posed a substantial risk of harm or neglect to ZB and KB, or that ZB and KB resided in an unfit home environment.

The facts found as true by the trial court, which were in part based upon its credibility determinations, supported the trial court's decision. The trial court found that as a result of "roughhousing," ZB was injured when respondent-father threw her on a bed, causing her to bounce up and strike her face on the bed frame. A medical examination revealed that ZB had only a small bruise on her face from the incident that led to the filing of the petition. Additionally, a forensic interviewer did not clearly indicate that the injury was a result of malicious behavior by respondent-father. Also, although there was evidence that respondent-father had been abusive toward ZB in the past, respondent-father freely admitted that he had harshly disciplined ZB on one prior occasion in 2016, but that he completed parenting and anger management therapy and had not disciplined ZB in the same manner since then. The trial court specifically found respondent-father to be credible, and believed the explanation that ZB's injury was a result of roughhousing or "horseplay" to be truthful. This Court "give[s] deference to the trial court's special opportunity to judge the credibility of the witnesses." *In re HRC*, 286 Mich App at 459. In general, "[i]t is not for this Court to displace the trial court's credibility determination." *Id.* at 460.

Further, aside from evidence of a prior incident of abuse, no additional evidence presented supported a finding that respondents failed to provide proper care and custody of ZB and KB, or that they were subjected to cruelty that rendered their home environment unfit. Respondents lived together and respondent-father worked three separate jobs to financially support his family, and there were no reports of a lack of a positive relationship or bond between respondents and the children, or any other allegations that would suggest that ZB and KB were living in an unfit home environment. The trial court found respondent-father's testimony regarding the incident to be credible enough for it to conclude that it should not exercise jurisdiction over ZB and KB, and the record does not support the conclusion that the trial court's findings of fact and overall decision regarding jurisdiction were clearly erroneous. Therefore, the trial court did not clearly err in declining to exercise jurisdiction over ZB and KB.

Petitioner also argues that the trial court failed to properly consider the allegation that respondent-mother smoked marijuana without a medical marijuana license. However, no specific facts regarding respondent-mother's marijuana use were explained at the adjudication, nor were they included in the original petition as evidence weighing in favor of a finding of jurisdiction over ZB and KB. Rather, her marijuana use was only briefly mentioned by Shavon Barber[1] at the close of the adjudication proceedings. Barber never discussed whether respondent-mother was currently smoking marijuana or whether her use of marijuana was in any way related to the facts alleged in the petition in support of a finding of jurisdiction. The trial court clearly did not assign a great deal of weight to Barber's testimony regarding the marijuana use, which was ultimately never tied to the allegations made in the petition. As previously stated, "[t]his Court gives deference to a trial court's special opportunity to judge the weight of the evidence and the credibility of the witnesses who appear before it." *In re TK*, 306 Mich App 698, 710; 859 NW2d 208 (2014). Accordingly, the trial court did not clearly err by finding that statutory grounds for the exercise of jurisdiction over ZB and KB did not exist.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher

---

[1] Barber was a Child Protective Services (CPS) case worker.