*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DORNBOS, Minors.

UNPUBLISHED
January 31, 2025
2:31 PM

No. 370454
Ionia Circuit Court
Family Division
LC No. 2024-000056-NA

Before: GARRETT, P.J., and RICK and MARIANI, JJ.

PER CURIAM.

Petitioner, the Department of Health and Human Services (DHHS), asks us to review and reverse the trial court's order dismissing its petition to terminate respondent-father's rights to the minor children, JD and ED. We hold that the trial court did not err when it declined to exercise jurisdiction over JD and ED and, accordingly, we affirm.

## I. BACKGROUND

JD and ED are respondent-father's biological children and respondent-father later became stepfather to another child, MD. In December 2023, MD disclosed to her mother that respondent-father sexually assaulted her. The next day, respondent-father spoke to a Children's Protective Services (CPS) representative and said he moved to his mother's home and agreed that he would not interact with any of his children without supervision. In late January 2024, respondent-father was charged with first-degree criminal sexual conduct for assaulting his stepdaughter, MD, and, in February 2024, the DHHS filed a petition to terminate respondent-father's parental rights to his biological sons, JD and ED.

Thereafter, the trial court held a preliminary hearing on the petition concerning JD and ED. The trial court authorized the petition so that the DHHS would have supervision over respondent-father and JD and ED, but declined to remove the children from respondent-father's custody. In March 2024, the trial court held a pretrial hearing at which the lawyer-guardian ad litem (LGAL) testified that JD and ED were living with respondent-father and their grandmother and were "doing very well." But the prosecutor maintained that, although JD and ED were safe, the DHHS needed to proceed with termination because of MD's allegation of sexual abuse. The trial court dismissed the petition, and the DHHS filed this appeal.

## II. DISCUSSION

The DHHS argues that the trial court erred by dismissing the petition at the pretrial hearing without conducting a fact-finding adjudication. We disagree.

### A. STANDARD OF REVIEW

We review "the trial court's decision to exercise jurisdiction for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004) (citation omitted). A trial court's finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been made. *Id*. at 296-297.

### B. LEGAL PRINCIPLES

Chapter 722 of the Child Protection Law, MCL 722.621 *et seq*., provides that the DHHS must "submit a petition for authorization by the court" if it determines that "a parent, guardian, or custodian, or a person who is 18 years of age or older and who resides for any length of time in the child's home, has abused the child or a sibling of the child," and the abuse included "[c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." MCL 722.638(1)(a)(*ii*).

"Child protective proceedings have long been divided into two distinct phases: the adjudicative phase and the dispositional phase." *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006). "The adjudicative phase occurs first and involves a determination whether the trial court may exercise jurisdiction over the child . . . ." *Id*.

First, the "state must file in the family division of the circuit court a petition containing facts that constitute an offense against the child under the juvenile code." *In re Sanders*, 495 Mich 394, 405; 852 NW2d 524 (2014). The petition must include a "citation to the section of the Juvenile Code relied on for jurisdiction." MCR 3.961(4). If the trial court authorizes the petition, then the respondent parent can either admit the allegations, plead no contest, or demand a trial, contesting the allegations. *In re Sanders*, 495 Mich at 405. If at least one statutory ground for jurisdiction contained in MCL 712A.2(b) is proven, then either at trial or by plea, the trial court assumes jurisdiction over the child. *In re SLH*, 277 Mich App 662, 669; 747 NW2d 547 (2008).

MCL 712A.2(b) provides:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .

* * *

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. . . .

"Once a court assumes jurisdiction over a child, the parties enter the dispositional phase." *In re Sanders*, 495 Mich at 406.

## C.  ANALYSIS

In this case, the testimony presented at the preliminary and pretrial hearings supported the trial court's findings.  See *In re BZ*, 264 Mich App at 295.  MD disclosed the sexual abuse on December 31, 2023, an investigation of the allegation was finished by mid-January 2024, but the DHHS waited until February 12, 2024 to file the petition to terminate respondent-father's parental rights to JD and ED.  The mother of JD and ED told the trial court that she wanted JD and ED to continue living with respondent-father and their grandmother and she had no concerns about their safety.  The LGAL testified at the preliminary hearing that JD and ED were "doing very well" with respondent-father and their grandmother and further stated that respondent-father was the primary caregiver for the boys for most of their lives.  According to the LGAL, JD and ED told the LGAL that they felt safe and she felt confident that this was true.  The LGAL further testified that she had no objection to dismissal of the petition.  Moreover, the DHHS acknowledged at the hearing that the boys were "cared for" and safe.  Accordingly, the trial court did not clearly err when it found that JD and ED were safe and protected with respondent-father.  See *id*. at 296-297.

These findings reasonably led the trial court to conclude that JD and ED were not "subject to a substantial risk of harm," MCL 712A.2(b)(1), and that their "home or environment" was not "an unfit place" for them to live, MCL 712A.2(b)(2).  Therefore, because petitioner did not prove a statutory ground under MCL 712A.2(b), the trial court correctly declined to assume jurisdiction over the children.  See *In re SLH*, 277 Mich App at 669.  The DHHS is correct to point out that it properly filed a petition for termination pursuant to MCL 722.638(1)(a)(*ii*), but because the trial court found that the statutory grounds for jurisdiction under MCL 712A.2(b) were not met, the trial court was unable to continue with the proceedings.  See *id*.

The DHHS also claims that the trial court was obligated to hear the evidence at an adjudication hearing, but does not present any authority in support of this argument. An issue is considered abandoned on appeal if a party fails to adequately brief and support an argument with legal authority. *Goolsby v Detroit*, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984); *Bronson Methodist Hosp v Michigan Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012). But the record is clear that the DHHS had ample opportunity to present evidence and argument to establish a statutory ground for the trial court to assume jurisdiction, but failed to do so. See *In re SLH*, 277 Mich App at 669. Having shown no error, the DHHS is not entitled to reversal of the trial court's order. See *In re BZ*, 264 Mich App at 295.

Affirmed.


/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Philip P. Mariani