*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re SKUTT/STEWART, Minors.

UNPUBLISHED
March 11, 2026
2:00 PM

No. 376845
Clinton Circuit Court
Family Division
LC No. 24-031859-NA

Before: KOROBKIN, P.J., and YATES and FEENEY, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court order terminating her parental rights to the minor children, MS, LS, and IS, at the initial dispositional hearing, under MCL 722.638(1)(a)(*iii*) (an adult in the children's home has abused the child including battering, torture, or other serious physical harm).[1] We affirm.

## I. FACTS

In March 2025, the Department of Health and Human Services (DHHS) filed a petition to terminate respondent's parental rights at the initial dispositional hearing, alleging that in February 2025, respondent brought then 12-year-old LS to the hospital to treat his broken arm, stating that LS broke his arm shoveling snow. Upon further investigation, it was revealed that respondent's boyfriend, James Devereaux, actually broke LS's arm. On the day of the incident, respondent asked Devereaux to search for any nicotine or marijuana in LS's room. LS testified that he attempted to climb out his bedroom window, but Devereaux grabbed the back of his neck, threw him against the wall and onto the ground, put his knee on LS's chest, slapped him, and choked

---

[1] MS and LS's father's parental rights were terminated in 2019 because of his sexual and physical abuse against the children. IS's father was not a party in this case and is not a party to this appeal.

-1-

him.[2] After hearing the commotion, respondent, along with Devereaux's teenage son, tried to get Devereaux to stop.[3]

Video footage from inside the house showed that respondent waited approximately 5 to 10 minutes before she took LS to the hospital. LS testified that respondent and Devereaux attempted to convince him to lie and say that he broke his arm by slipping on icy steps. LS explained that Devereaux first offered to buy him a video game console if he "ke[pt his] mouth shut" and later stood over LS, asking him if he "ha[d] to worry about going to jail." Respondent lied to hospital staff about how LS broke his arm, and she continued her romantic relationship with Devereaux, allowing him to check on LS almost daily after he returned from the hospital. Devereaux was arrested and charged with felony assault, felony second-degree child abuse, and misdemeanor domestic violence; while Devereaux was incarcerated for these charges, he and respondent discussed how they could discredit LS's testimony.

In June 2025, the trial court took jurisdiction over the children, finding that it would be contrary to the children's welfare to return them to respondent's care.[4] The trial court specifically found that LS's testimony was "extremely credible" and that respondent did not have a "sense of urgency" after LS broke his arm.

Throughout this case, respondent was not cooperative with the DHHS caseworkers. She refused to sign a case service plan, and she allegedly told one of the caseworkers that she did not plan to participate in any services. A caseworker noted that another child had been removed from respondent's care a year prior and that respondent had failed to complete any of the services recommended to her in that case. Concerns were also raised about Devereaux's hostility and inappropriateness in that case.

The trial court found that although respondent intervened in the incident, she had no urgency to get LS to the hospital, she undermined LS's version of what occurred, she encouraged LS to lie about the cause of his injuries, and she continued a relationship with Devereaux. Accordingly, the trial court found that an aggravating circumstance warranting termination at the initial dispositional hearing existed. Having found that a statutory basis existed for terminating respondent's parental rights, and that termination was in the children's best interests, the trial court terminated respondent's parental rights. Respondent now appeals.

## II. TERMINATION OF PARENTAL RIGHTS

On appeal, respondent argues that the trial court erred by terminating her parental rights because: (1) there were insufficient statutory grounds for termination, and (2) reasonable efforts were not made. We disagree.

---

[2] LS testified that this was not the first time that Devereaux physically assaulted him.

[3] MS and IS were not home when this incident occurred.

[4] All three children were placed with IS's father.

## A. PRESERVATION AND STANDARD OF REVIEW

These issues are preserved because they were raised before, and considered by, the trial court. See *In re MJC*, 349 Mich App 42, 47; 27 NW3d 122 (2023); *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). We review for clear error the trial court's factual determinations regarding whether a respondent subjected a child to aggravated circumstances, see *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005), as well as whether the petitioner made reasonable efforts to reunify a respondent with a child, *In re Atchley*, 341 Mich App 332, 338; 990 NW2d 685 (2022). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). "We give deference to the trial court's special opportunity to judge the credibility of the witnesses." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). We review the trial court's determination for clear error. *Id*. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *Id*. "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's determination for clear error. *In re Olive/Metts*, 297 Mich App at 40.

## B. AGGRAVATING CIRCUMSTANCE

For termination to occur at initial dispositional hearing, several conditions must be met, including that: (1) "the original or amended petition requested termination," (2) "the trier of fact found by a preponderance of the evidence at the adjudicative hearing that the child came within the jurisdiction of the court," and (3) the court finds by clear and convincing legally admissible evidence that a statutory ground for termination is established, unless there is clear and convincing evidence that termination of parental rights is not in the child's best interests. *In re AMAC*, 269 Mich App 533, 537-538; 711 NW2d 426 (2006). In this case: (1) the DHHS requested termination of respondent's parental rights in its amended petition; (2) the court found by a preponderance of the evidence that the children came within its jurisdiction; (3) the court found by clear and convincing legally admissible evidence that a statutory ground for termination was established; and (4) the court found that termination of respondent's parental rights was in the children's best interests. See *In re AMAC*, 269 Mich App at 537-538. For the reasons discussed next, the trial court did not clearly err by making these findings or by terminating respondent's parental rights at the initial dispositional hearing.

The DHHS must make reasonable efforts to reunify a child and parent in all cases except those involving aggravated circumstances. *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022). One such aggravating circumstance is when an adult who resides for any length of time in the children's home has abused one of the children, including "[b]attering, torture, or other serious physical harm." MCL 722.638(1)(a)(*iii*); see MCL 712A.19a(2)(a).

The trial court did not clearly err by finding the existence of an aggravating circumstance or by terminating respondent's parental rights at the initial dispositional hearing. LS testified that Devereaux grabbed the back of his neck, threw him against the wall and onto the ground, put his knee on LS's chest, slapped him, and choked him, resulting in LS needing surgery to rehabilitate a broken arm. The trial court noted that LS's testimony was "extremely credible" in this case, and as stated, "[w]e give deference to the trial court's special opportunity to judge the credibility of the witnesses." *In re HRC*, 286 Mich App at 459. Devereaux's infliction of serious harm on LS constituted an aggravating circumstance under MCL 722.638(1)(a)(*iii*). And because an aggravating circumstance was present, the DHHS did not need to make reasonable efforts in this case. *In re Simonetta*, 340 Mich App at 707.[5]

## C. STATUTORY GROUNDS

On appeal, respondent argues that the trial court clearly erred by determining that there were statutory grounds for termination. We disagree.

In this case, the petition requested termination under MCL 712A.19b(3)(b)(*ii*) (the parent who had the opportunity to prevent the physical injury or physical abuse failed to do so, there is a reasonable likelihood that the children will suffer injury or abuse in the foreseeable future if placed in the parent's home), MCL 712A.19b(3)(b)(*iii*) (a nonparent adult's act caused the physical injury or physical abuse, and there is a reasonable likelihood that the children will suffer from injury or abuse by the nonparent adult in the foreseeable future if placed in the parent's home), MCL 712A.19b(3)(g) (although financially able to do so, the parent fails to provide proper care or custody for the children, and there is no reasonable expectation that the parent will be able to do so within a reasonable time), and MCL 712A.19b(3)(j) (reasonable likelihood of harm if the children are returned to parent's home). When terminating respondent's parental rights, the trial court stated that it found "clear and convincing evidence pursuant to MCL 712A.19b(2), (g) and (j) to terminate parental rights."[6] If we conclude that the trial court did not clearly err by finding that one statutory ground for termination existed, then we need not address the additional grounds for termination. *In re HRC*, 286 Mich App at 461.

MCL 712A.19b(3)(j) states that a trial court may terminate a respondent's parental rights if the court finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based

---

[5] Because the DHHS did not need to make reasonable efforts in this case, we do not reach respondent's argument concerning whether reasonable efforts were in fact made.

[6] We believe that the trial court's reference to "MCL 712A.19b(2)" was meant to be to be in reference of MCL 712A.19b(3)(b)(*ii*), and the trial court's reference to "(g) and (j)" was meant to be in reference of MCL 712A.19b(3)(g) and MCL 712A.19b(3)(j). But it is also possible that the trial court's reference to "MCL 712A.19b(2), (g) and (j)" simply reflected a clerical error of "2" instead of "3," and the trial court only meant to terminate under MCL 712A.19b(3)(g) and MCL 712A.19b(3)(j). Nonetheless, because we conclude that the trial court did not clearly err by terminating respondent's parental rights under MCL 712A.19b(3)(j)—a statutory ground present in both of those scenarios and directly challenged on appeal—we need not address the additional grounds for termination. *In re HRC*, 286 Mich App at 461.

on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent."

In this case, respondent's choice of romantic partners placed the children in danger. See *In re White*, 303 Mich App 701, 712-713; 846 NW2d 61 (2014) (affirming grounds for termination under MCL 712A.19b(3)(j), in part because the respondent-mother "had a history of inviting men with criminal backgrounds into her home"). Despite Devereaux's abuse against LS, respondent: (1) conspired with Devereaux to discredit LS's disclosure and lie about how LS sustained his injuries, (2) continued a romantic relationship with Devereaux, and (3) continued to allow Devereaux around the children. Moreover: (1) in 2019, MS and LS's father's parental rights were terminated because of his sexual and physical abuse against the children, and (2) in 2024, another child had been removed from respondent's care, and concerns had been raised about Devereaux's hostility and inappropriateness in that case. Respondent's refusal to cooperate with caseworkers, sign a case service plan, or participate in past services also supported the trial court's conclusion that termination was proper under MCL 712A.19b(3)(j). *Id*. at 711 ("a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home").

Considering respondent's history of choosing romantic partners that placed her children in danger, respondent's refusal to sign or comply with a case service plan, and the fact that none of the children reported feeling safe in respondent's home, the trial court did not clearly err by finding a statutory basis for terminating respondent's parental rights under MCL 712A.19b(3)(j). See *id*. at 711-713. Given this conclusion, we need not address the remaining statutory grounds relied upon in this case. See *In re HRC*, 286 Mich App at 461.[7]

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher P. Yates
/s/ Kathleen A. Feeney

---

[7] Respondent does not challenge the best-interest grounds for termination. Thus, we may presume that the trial court's best-interest findings were established by a preponderance of the evidence. See *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1998), overruled in part on other grounds *In re Trejo*, 462 Mich 341, 353-354; 612 NW2d 407 (2000). Nevertheless, having reviewed the record, we conclude that the trial court did not clearly err by determining that terminating respondent's parental rights was in the children's best interests.