HEIMS v. SCHOOL DISTRICT NO. 6 OF DAVISON TWP.

1. STATUTES—SPECIAL ACT EXCEPTION TO GENERAL.
Special act including same matter as general act must be taken as intended to constitute exception thereto; intention of conflict not being presumed.

2. SCHOOLS AND SCHOOL DISTRICTS—GRADED SCHOOL DISTRICTS—
AUTHORITY TO ISSUE BONDS.

> Authority of graded school districts to issue bonds to erect
> schoolhouses is governed by chapter 12, pt. 2, Act No. 319,
> Pub. Acts 1927.

3. SAME—RIGHTS OF ELECTORS TO FIX AMOUNT.

> Under Act No. 319, Pub. Acts 1927, part 2, chap. 12, assembled
> electors at special election of graded school district to author-
> ize issuance of bonds to erect new schoolhouse had right to
> reject estimate of school board as to amount necessary to be
> raised and fix new amount to be voted on, and also had right
> to select one inspector of election, and denial of said rights by
> inspectors of election appointed by school board invalidated
> election.

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted January 15, 1931. (Docket No. 163, Cal-
endar No. 35,331.) Decided January 23, 1931.

Bill by Fred Heims and others against School
District No. 6 of Davison township and others to
enjoin the issuance of bonds on the district. Decree
for defendants. Plaintiffs appeal. Reversed.

*Farley & Elliott,* for plaintiffs.

*Guy W. Selby,* for defendants.

FEAD, J. School district No. 6 of Davison town-
ship in Genesee county is a graded school district.
At a special election, the electors voted to borrow
$110,000 on bonds of the district, to erect and fur-
nish a new school house. This suit is brought by
41 taxpaying electors of the district to enjoin
issuance and sale of the bonds on the ground of in-
validity of the election.

The inspectors of election were three persons ap-
pointed by the board of education. When they had
organized and were ready to proceed, plaintiff

Lillian Heims offered two resolutions successively, each to the effect that the amount of loan to be submitted be $70,000, one resolution providing an interest rate of not to exceed five per cent. and the other four per cent. per annum. The inspectors declared the resolutions out of order, and refused to submit them to the assembled electors. No amount was submitted to or voted on by the electors present, but the sum on the ballot was that estimated by the board of education. Neither by the record nor briefs are we informed whether the ballots stated an interest rate.

Plaintiffs contend the election was governed in all respects by chapter 12, pt. 2, Act No. 319, Pub. Acts 1927 (2 Comp. Laws 1929, § 7486 *et seq.*), which applies to graded school districts, and provides that the district board and one person selected by the qualified voters present at the meeting shall constitute the inspectors of election, that the district shall determine the rate of interest, and—

"the district board, or board of education, shall estimate the amount of money necessary to be raised and shall state their estimate in the notices of the annual or special meeting, at which the question of borrowing money and issuing bonds shall be submitted to the people; and at said meeting the voters shall have power to ratify by vote aforesaid the estimate of the district board, or board of education, or to fix a new limit on the amount to be borrowed and for which bonds may be issued."

Defendants admit that the election was not conducted as required by chapter 12, but assert that such chapter had been superseded by chapter 7, 2 Comp. Laws 1929, § 7446 *et seq.*, under which they had acted. Chapter 7 provides that the board of education of any district, except primary school

districts, "may form said district into one or more voting precincts," and, when that is done, shall provide for the registration of voters, shall appoint three electors to compose a board of election inspectors, and otherwise provides for the conduct of elections. A resolution forming the district into one voting precinct had been adopted by defendant board. It is contended that the right of the assembled electors to reject the estimate of the board and to fix a new bond limit was abrogated by this action, as the election thereby became governed exclusively by the provisions of chapter 7 because of the language in section 7 thereof:

"In any school district coming within the provisions of this chapter, and having an annual meeting at which all the voters may assemble for the consideration of questions which may come before them, the board of education shall determine what questions and propositions, unless otherwise provided by law, other than the issuance of bonds that must be submitted to the vote of the electors of the district voting in precincts as herein provided for, and all other questions, propositions, and matters upon which action by a vote of the electors of the district is required or necessary, shall be acted upon at the annual meeting of the voters of the district, or at a special meeting thereof, called and held as provided by law."

It is a rule of statutory construction—

"that where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision,.

especially when such general and special acts or provisions are contemporaneous, as the legislature are not presumed to have intended a conflict." *Crane* v. *Reeder*, 22 Mich. 322, 333; *Woodworth* v. *City of Kalamazoo*, 135 Mich. 233, 237; *Edwards* v. *Auditor General*, 161 Mich. 639.

The rule is particularly applicable here. Act No. 319 is a consolidation of a large number of school laws. It divides school districts into seven classes, ranging from primary to metropolitan. It recognizes the diversity among districts and sets up a number of provisions applicable specially and exclusively to certain classes, others optional to acceptance by districts, and still others applicable to all. Thus, in part 1, special provisions are made for the authorization and issuance of bonds, with different powers and limitations applying to different classes of districts. Those not so treated, as graded school districts, find their whole authority to issue bonds to erect schoolhouses in chapter 12 of part 2. The scheme of the act demonstrates the intention that where special provisions are made upon a subject or for a particular class of district they are superior to general provisions upon the same subject or for districts generally unless the contrary plainly appears.

When adopted, chapter 7 is special and superior to chapter 12 on the conduct of elections, and governs the appointment of election inspectors. Chapter 12 is special and superior upon the essentials of the issuing of bonds, including the right of assembled voters to reject the estimate of the board and to fix a new limit on the amount to be borrowed, and also on the right of the qualified electors to select an inspector of election.

The question is not before us whether the failure to submit the amount to the assembled voters would

have been more than a mere irregularity, not invalidating the election, if no demand therefor had been made. In this instance, the demand was made by qualified electors and refused by the officials in charge. The right of the assembled voters to a discussion and determination of the amount of bonds to be voted upon is a substantial one, and, where properly demanded, cannot be considered a nonessential. The resolutions should have been put, and, if carried, the amount and rate of interest approved should have been inserted in the ballot at the election.

Failure of the officials to submit to the assembled electors the resolutions offered invalidated the election.

The decree dismissing the bill will be set aside and one entered for an injunction declaring the election void and restraining issuance of the bonds, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.