IN THE MATTER OF HINSON

Docket No. 73041. Submitted March 20, 1984, at Detroit.—Decided June 18, 1984.

The Wayne County Probate Court, James E. Lacey, J., entered an order terminating the parental rights of Linda Hinson, the mother, and Harold Thomas, the alleged father, over Patricia, Harold, Gloria, and Marie Hinson. Linda Hinson appealed, alleging that the court erred by admitting hearsay evidence and that one of the children had not been in the temporary custody of the court for at least two years. *Held:*

1. Hearsay evidence is admissible in the dispositional phase of a hearing to terminate parental rights so long as the evidence meets tests of fairness, reliability, and trustworthiness. Admission of such evidence is not precluded by either due process or court rule.

2. MCL 712A.19a(f), which contains a two-year temporary custody requirement, was only one of the two alternate grounds for the probate court's decision. The court also found that termination was warranted under MCL 712A.19a(e), which contains no two-year temporary custody requirement.

Affirmed.

1. Parent and Child — Termination of Parental Rights — Evidence — Hearsay — Court Rules.

Admissibility of evidence in the dispositional phase of a hearing to terminate parental rights is limited only by the rules of evidence dealing with relevance and materiality; therefore, hearsay evidence is admissible in the dispositional phase (JCR 8.3).

2. Statutes — Judicial Construction.

The more specific of two acts or provisions will be construed as an

---

References for Points in Headnotes

[1, 3] 59 Am Jur 2d, Parent and Child §§ 26, 27, 39.

[2] 73 Am Jur 2d, Statutes § 257.

[3] Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

exception to the more general where the two are in apparent conflict.

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — DUE PROCESS — EVIDENCE — HEARSAY.

Due process requires that parental rights not be terminated unless the state proves by clear and convincing evidence that such termination is warranted; however, neither the requirements of due process nor of clear and convincing evidence prevent admission of hearsay evidence which meets tests of fairness, reliability and trustworthiness.

*Gail Mazey,* for Children's Aid Society.

*John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Clarence M. Bradfield,* for respondent Linda Hinson.

*William E. Ladd,* for the minor children.

Before: M. J. KELLY, P.J., and BEASLEY and J. N. O'BRIEN,* JJ.

J. N. O'BRIEN, J. Respondent mother appeals as of right from a probate court order pursuant to MCL 712A.19a, subds (e) and (f); MSA 27.3178(598.19a), subds (e) and (f) terminating her parental rights over her four minor children.

Respondent mother first argues that the probate court erred by considering hearsay evidence. The court ruled that, because it was engaged in a dispositional hearing, hearsay evidence would be admitted provided the evidence bore indicia of accuracy and trustworthiness.

JCR 8.3 provides:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(A) Adjudicative Phase. Absent a valid plea in confession, only competent, relevant, and material evidence is admissible at the adjudicative phase. In a case involving an offense by a child, the rules of evidence for a criminal proceeding and the standard of proof beyond a reasonable doubt apply. In a case involving an offense against a child, the rules of evidence for a civil proceeding and the standard of proof by a preponderance of the evidence apply.

"(B) Dispositional Phase. In the dispositional phase only relevant and material evidence may be considered. Clear and convincing evidence is required to terminate parental rights."

The reference to termination of parental rights in the subsection dealing with the dispositional phase shows that the probate court properly characterized the termination hearing as part of the dispositional phase of the proceedings. See also JCR 8.1, and *In the Matter of Oakes,* 53 Mich App 629, 632; 220 NW2d 188 (1974). Because the subsection dealing with the adjudicative phase specifies that only "competent, relevant, and material" evidence is admissible, while the subsection dealing with the dispositional phase merely specifies that only "relevent and material" evidence may be considered, we infer that admissibility in the dispositional phase is limited only by the rules of evidence dealing with relevance and materiality, and not by other rules of evidence. Hearsay evidence is therefore admissible in the dispositional phase.

Authorities supporting this result include *In re Weldon,* 397 Mich 225, 255; 244 NW2d 827 (1976) (opinion of COLEMAN, J.), and *People v Williams,* 111 Mich App 818, 824-825; 314 NW2d 769 (1981) (proceeding for waiver of jurisdiction to circuit court).

We are aware that no exception is made for the

dispositional phase of juvenile proceedings in MRE 1101, which governs the applicability of the rules of evidence. However, JCR 8.3, rather than MRE 1101, is the controlling rule because the former rule deals more specifically with the admissibility of evidence in the dispositional phase of juvenile proceedings. Where two acts or provisions are apparently in conflict, the more specific of the two will be construed as an exception to the more general. *Heims v School Dist No 6 of Davison Twp,* 253 Mich 248, 251-252; 234 NW 486 (1931).

Due process, as well as JCR 8.3(b), requires that parental rights not be terminated unless the state proves by clear and convincing evidence that such termination is warranted. *In the matter of La-Flure,* 48 Mich App 377, 385-386; 210 NW2d 482 (1973). However, neither the requirements of due process nor of clear and convincing evidence prevent admission of hearsay evidence. The requirements of due process are not coextensive with the traditional exceptions to the rules against admission of hearsay. *California v Green,* 399 US 149, 155-157; 90 S Ct 1930; 26 L Ed 2d 489 (1970); *Dutton v Evans,* 400 US 74, 81-83; 91 S Ct 210; 27 L Ed 2d 213 (1970). Due process does not prevent admission of hearsay evidence meeting tests of fairness, reliability, and trustworthiness. *United States v Medico,* 557 F2d 309, 314 (CA 2, 1977) (upholding FRE 804[b][5]). Here, the probate court recognized the applicability of such tests, but respondent mother made no objection relating to fairness, reliability, or trustworthiness. Under these circumstances, no error occurred in the admission of hearsay evidence.

Respondent mother also argues that one of the children had not been in the temporary custody of the court on the basis of a neglect petition for at

least two years and that the probate court therefore erred in terminating her parental rights over that child pursuant to MCL 712A.19a(f); MSA 27.3178(598.19a)(f). We need not address this issue, because subsection (f) provided only one of the two alternate grounds for the probate court's decision. The court also found that termination was warranted under MCL 712A.19a(e); MSA 27.3178(598.19a)(e), and no two-year delay is required by that subsection.

Affirmed.