## *In re* ANDINO

Docket No. 98860. Submitted August 21, 1987, at Grand Rapids. Decided October 19, 1987.

The Department of Social Services petitioned in the Probate Court for the County of Kent, Juvenile Division, seeking termination of the parental rights of Pedro J. Andino, Sr., and Lisa Arizola to their minor children, Elba I. Andino and Pedro J. Andino, Jr. Following a dispositional hearing, the probate court, John P. Steketee, J., entered an order terminating respondents' parental rights based upon the conviction, on his plea of nolo contendere, of Pedro Andino, Sr., for assault with intent to commit second-degree criminal sexual conduct. Pedro Andino, Sr., appealed.

The Court of Appeals *held:*

1. Evidence of a nolo contendere plea is inadmissible at the adjudicative phase of termination proceedings as proof that the respondent committed the acts forming the basis for the charge to which he entered his plea. Evidence of a nolo contendere plea is admissible at the dispositional phase, if relevant and material, to establish the fact of conviction.

2. MCL 712A.19a(d); MSA 27.3178(598.19a)(d) permits the termination of parental rights based on a conviction for assault with intent to commit criminal sexual conduct in the second degree.

3. Where, as in this case, there is independent proof of the misconduct leading to the charge to which respondent pled, there is no reason why the admissibility of evidence of a conviction based upon a plea of nolo contendere should be distinguished from evidence of any other type of conviction for purposes of establishing the fact of conviction.

Affirmed.

REFERENCES

Am Jur 2d, Evidence § 527.

Am Jur 2d, Parent and Child §§ 7, 34 *et seq.*

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — NOLO CONTENDERE PLEAS.

A conviction based on a plea of nolo contendere may form the basis for terminating parental rights pursuant to the statute providing for termination where a parent or guardian of the child is convicted of a felony of a nature as to prove the unfitness of the parent or guardian to have future custody of the child (MCL 712A.19a[d]; MSA 27.3178[598.19a][d]).

2. EVIDENCE — JUVENILE COURT — FORMAL CALENDAR — DISPOSITIONAL PHASE.

The court rule governing evidence in juvenile court hearings on the formal calendar provides that the admissibility of evidence in the dispositional phase is limited only by the rules of evidence dealing with relevance and materiality and not by other rules of evidence (MCR 5.908[C][2]).

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE — NOLO CONTENDERE PLEAS — ADJUDICATIVE PHASE — DISPOSITIONAL PHASE.

Evidence of a nolo contendere plea is inadmissible at the adjudicative phase of termination proceedings as proof that the respondent committed the acts forming the basis for the charge to which he entered his plea; evidence of a nolo contendere plea is admissible at the dispositional phase, if relevant and material, to establish the fact of conviction (MCR 5.908[C]; MRE 410).

4. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE — DISPOSITIONAL PHASE — NOLO CONTENDERE PLEAS.

Evidence of a respondent's felony conviction based on a plea of nolo contendere, where there is independent proof of the misconduct leading to the charge to which the respondent pled, should not be distinguished from evidence of any other type of conviction for purposes of establishing the fact of conviction to form the basis for terminating parental rights (MCL 712A.19a[d]; MSA 27.3178[598.19a][d]).

*William A. Forsyth,* Prosecuting Attorney, and *David R. Gersch,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Lawrence J. Phelan,* for Pedro J. Andino, Sr.

Before: MacKenzie, P.J., and Doctoroff and J. C. Kingsley,* JJ.

MacKenzie, P.J. Pedro Julio Andino, Sr., hereafter respondent, appeals as of right from a January 6, 1987, order terminating his parental rights to his twin minor children, Elba Iris Andino (Abby) and Pedro Julio Andino, Jr. (Junior), pursuant to MCL 712A.19a, subds (d) and (e); MSA 27.3178(598.19a), subds (d) and (e). We conclude that respondent's parental rights were properly terminated under MCL 712A.19a(d); MSA 27.3178(598.19a)(d) and accordingly affirm.

Respondent became involved with Lisa Arizola sometime in 1978. At that time Lisa had custody of a daughter, April, from her previous marriage to Tim Arizola. Abby and Junior were born to respondent and Lisa on September 2, 1979. Respondent's relationship with Lisa ended in 1984. Lisa retained custody of the children. In 1985, Lisa turned over care of the children to her mother, Doris Davis. Davis soon contacted protective services requesting help with the children and inquiring into the possibility of foster care. A case plan was eventually established under which protective services agreed to evaluate the children and to evaluate their fathers' homes.

During a subsequent interview with protective services worker Charles Audy, April related incidents in which she, Abby, and Junior had been physically abused by respondent. April also reported that she and Abby had been sexually abused by respondent. Abby denied being sexually abused, but did say that "her dad" did "something" to April. Audy contacted the police and related what April had told him. Officer Deb Vazquez then interviewed both April and Abby.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

April again reported two incidents in which respondent sexually abused her and one incident in which respondent sexually abused Abby. Abby again denied being sexually abused by her father, but admitted that April had told her about being abused by respondent. Respondent was subsequently charged with three counts of first-degree criminal sexual conduct and being an habitual offender.

The probate court took jurisdiction of the three children on September 23, 1985. The following February, respondent entered a plea of nolo contendere in circuit court to the felony charge of assault with intent to commit criminal sexual conduct in the second degree, MCL 750.520g(2); MSA 28.788(7)(2), in exchange for dismissal of the first-degree CSC and habitual offender charges.

On April 22, 1986, foster care worker Kim Luyendyk filed a petition in the probate court seeking termination of respondent's parental rights to Abby and Junior, apparently pursuant to MCL 712A.19a(d); MSA 27.3178(598.19a)(d). A dispositional hearing was held on December 8, 1986. Prior to taking testimony, petitioner's attorney informed the court that he intended to use respondent's conviction entered after his nolo contendere plea as a basis for terminating respondent's parental rights pursuant to § 19a(d). When respondent objected, the court took the question under advisement and allowed respondent's probation officer to testify that respondent had been convicted of assault with intent to commit second-degree CSC upon his plea of nolo contendere. The probation officer did not divulge the factual basis of the plea, but did state that the plea was entered in exchange for dismissal of the first-degree CSC charges involving Abby and April. Later in the hearing, Luyendyk testified that, in her interviews with the

children, April told her that respondent had tied a sock around her eyes and forced her to perform fellatio, while Abby said that respondent had touched her genitals.

In a written opinion, the judge concluded that respondent's nolo contendere plea constituted a conviction of a felony of a nature to prove parental unfitness. Based on this conclusion, he ordered the termination of respondent's parental rights pursuant to § 19a(d). Additionally, the trial judge found that termination of respondent's parental rights on the basis of neglect, MCL 712A.19a(e); MSA 27.3178(598.19a)(e), was justified. This conclusion was apparently based on evidence of respondent's heavy drug usage and sexual contact with the children, as well as therapist Wanda Hendrickson's testimony that respondent's violent behavior had made the children afraid of him.

This case presents a question of first impression: whether a conviction based on a nolo contendere plea may form the basis for terminating parental rights pursuant to MCL 712A.19a(d); MSA 27.3178(598.19a)(d). That subsection provides for termination where

> [a] parent or guardian of the child is convicted of a felony of a nature as to prove the unfitness of the parent or guardian to have future custody of the child . . . .

Respondent does not dispute that the felony to which he pled, assault with intent to commit criminal sexual conduct in the second degree, is a "felony of a nature as to prove the unfitness of the parent."

In support of his contention that a conviction based on a nolo contendere plea may not be considered in termination cases, respondent relies on MRE 410, which states in pertinent part:

> [E]vidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.

Respondent contends that under MRE 1101, governing the applicability of the rules of evidence, MRE 410 is to be applied in termination proceedings, and therefore evidence that he was convicted of assault with intent to commit second-degree criminal sexual conduct upon pleading nolo contendere was improperly admitted during the dispositional hearing. We disagree.

MCR 5.908(C), governing evidence in juvenile court hearings on the formal calendar, provides:

> (1) Adjudicative Phase. Unless there is a guilty plea or a plea of nolo contendere, only competent, relevant, and material evidence is admissible at the adjudicative phase. In a proceeding involving an offense by a child, the rules of evidence for a criminal proceeding and the standard of proof beyond a reasonable doubt apply. In a proceeding involving an offense against a child, the rules of evidence for a civil action and the standard of proof by a preponderance of the evidence apply.
>
> (2) Dispositional Phase. In the dispositional phase only relevant and material evidence may be considered. Clear and convincing evidence is required to terminate parental rights.

In *In re Hinson,* 135 Mich App 472; 354 NW2d 794 (1984), this Court considered an argument similar to respondent's, regarding the admissibility of hearsay evidence at dispositional hearings. After quoting JCR 1969, 8.3, the predecessor to MCR 5.908(C), we stated:

Because the subsection dealing with the adjudicative phase specifies that only "competent, relevant, and material" evidence is admissible, while the subsection dealing with the dispositional phase merely specifies that only "relevent [sic] and material" evidence may be considered, we infer that *admissibility in the dispositional phase is limited only by the rules of evidence dealing with relevance and materiality, and not by other rules of evidence.* Hearsay evidence is therefore admissible in the dispositional phase.

\* \* \*

We are aware that no exception is made for the dispositional phase of juvenile proceedings in MRE 1101, which governs the applicability of the rules of evidence. However, *JCR 1969, 8.3* [now MCR 5.908(C)], *rather than MRE 1101, is the controlling rule because the former rule deals more specifically with the admissibility of evidence in the dispositional phase of juvenile proceedings.* Where two acts or provisions are apparently in conflict, the more specific of the two will be construed as an exception to the more general. *Heims v School Dist No 6 of Davison Twp,* 253 Mich 248, 251-252; 234 NW 486 (1931). [135 Mich App 474-475.]

We conclude that the effect of MRE 410 is to declare evidence of a nolo contendere plea incompetent as proof that the defendant committed the acts forming the basis for the charge to which he entered his plea. Thus, under *Hinson,* evidence of a nolo contendere plea would be inadmissible for this purpose at the adjudicative phase of termination proceedings, but would be admissible at the dispositional phase if relevant and material.

In *State Bar Grievance Administrator v Lewis,* 389 Mich 668; 209 NW2d 203 (1973), our Supreme Court considered the applicability of a conviction entered after a plea of nolo contendere to attorney discipline proceedings for suspension of "any attor-

ney who shall be convicted of a felony." The Court stated:

> The issue of whether a conviction entered after a plea of nolo contendere may be used as a basis for a statutory disqualification has been resolved a sufficient number of times for a majority and minority position to emerge. The majority position, which allows the use of a conviction entered after the nolo contendere plea, is well summarized in ABA Project on Minimum Standards for Criminal Justice, *Pleas of Guilty,* (Approved Draft, 1968), pp 14-15:
>
> "A nolo contendere plea may be received under federal procedure, F R Crim P 11, and the law of about half of the states. Note, 33 Neb L Rev 428, n 5 (1954). Although some minor variations are to be found from jurisdiction to jurisdiction, in most states the nolo plea has the following significance: (1) Unlike the plea of guilty, a plea of nolo contendere may not be put into evidence in a subsequent civil action as proof of the fact that the defendant committed the offense to which he entered the plea. (2) When a nolo plea has been accepted, the defendant may be given the same sentence as if he had pleaded guilty. (3) Judgment or sentence following entry of a nolo plea is a conviction, and may be admitted as such in other proceedings (e.g., to apply multiple offender law, to deny or revoke license because of conviction, to claim double jeopardy in subsequent prosecution). Annot., 152 ALR 253 (1944); Lenvin & Meyers, *Nolo Contendere; Its Nature and Implications,* 51 Yale LJ 1255 (1942); Note, 33 Neb L Rev 428 (1954)."
>
> See also, 89 ALR2d 545, 604-609.
>
> The majority position differentiates between allowing the collateral use of the plea as an admission of misconduct and allowing the collateral use of the fact of conviction. This position preserves the benefits of the plea of nolo contendere to a defendant who fears subsequent civil liabilities based upon an admission of guilt to a criminal charge. At the same time, however, the majority

looks to the conviction and sentence imposed by the court after the plea and finds the conviction as conclusive as a conviction entered after a plea of guilty or entered after a trial and a plea of not guilty. *United States v Norris*, 281 US 619, 622-623; 50 S Ct 424; 74 L Ed 1076 (1930); *Neibling v Terry*, 352 Mo 396; 177 SW2d 502; 152 ALR 249 (1944); *Nebraska ex rel Nebraska State Bar Association v Mathew*, 169 Neb 194; 98 NW2d 865 (1959); *Matter of Bosch*, 175 NW2d 11 (ND, 1970).

In contrast, the minority position reasons that a plea of nolo contendere and any conviction entered on the plea has no effect beyond the instant criminal proceedings. "If the plea itself could not be used in any collateral matter, it follows that anything growing out of that plea . . . could not be used as a conviction if the plea itself is deprived of that classification." *Bruce v Leo*, 129 Colo 129, 135; 267 P2d 1014, 1017 (1954). To use a conviction collaterally would be tantamount in the minority view to an admission of guilt, precisely that result which the plea of nolo contendere is intended to avoid. *Kirby v Alcoholic Beverage Control Appeals Board*, 3 Cal App 3d 209, 220; 83 Cal Rptr 89, 95 (1969). See also *In re Corcoran*, 215 Or 660, 662; 337 P2d 307, 308 (1959); *In re Hallinan*, 43 Cal 2d 243; 272 P2d 768 [1957]; aff'd 48 Cal 2d 52; 307 P2d 1 (1957).

In light of the purpose of the State Bar Rules, to protect the public, the courts and the legal profession, 16.33(d), we adopt the majority position on this issue. Rule 16.17 permits the State Bar Grievance Administrator to take expedited action against an attorney convicted of a serious crime. It does not require independent proof of misconduct; the fact of conviction alone establishes the Administrator's case. We find no compelling reason to differentiate between a conviction entered after a plea of nolo contendere and a conviction entered after any other plea. [389 Mich 679-681.]

We are of the opinion that this reasoning is even

more compelling in the context of termination proceedings. In termination cases, the overriding goal is to protect the best interests of the children. MCL 712A.19a(d); MSA 27.3178(598.19a)(d) permits the probate court to terminate parental rights when a parent has been convicted of certain felonies. Where, as in this case, there was independent proof of the misconduct leading to the charge respondent pled to, we see no reason why the admissibility of evidence of a conviction based on a plea of nolo contendere should be distinguished from evidence of any other type of conviction for purposes of establishing the fact of conviction. Accordingly, we affirm the decision of the probate court terminating respondent's parental rights.

Our disposition of the above issue makes it unnecessary to address respondent's remaining issue.

Affirmed.