*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* OCKERT, Minors.

UNPUBLISHED
March 12, 2019

No. 344111
Montcalm Circuit Court
Family Division
LC No. 2017-000809-NA

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

MARKEY, P.J. (*dissenting*).

Because I conclude that any issue concerning the admissibility of the judgment of sentence was waived by respondent and that any appellate argument challenging the trial court's exercise of jurisdiction was also waived, I would affirm the termination of respondent's parental rights. Accordingly, I respectfully dissent.[1]

On March 21, 2018, the Department of Health and Human Services (DHHS) filed a petition seeking removal of both minor children from respondent's care and termination of his parental rights. The petition alleged that respondent had been convicted of second-degree criminal sexual conduct (CSC-II), MCL 750.520c, for sexually assaulting a half-sibling of respondent's children. The petition further alleged that respondent sexually assaulted his own daughter. On April 23, 2018, the trial court issued a pretrial conference summary. The summary provided, in part, "ANY ADMISSION OF FACT/STIPULATION: Conviction for CSC 2nd."

On May 18, 2018, the trial court held a combination bench trial and termination hearing. The hearing encompassed both the adjudicative and dispositional phases of the case. At the start of the proceeding, respondent's counsel urged the trial court to listen closely to the testimony "and make a determination that the parental rights should not be terminated based upon the best interest of the minor children," "especially with regard to the interest of [respondent's minor

---

[1] I also conclude that respondent's arguments regarding the children's best interests and the bifurcation of the adjudicative trial and dispositional hearing lack merit. In the context of this dissent, there is no need to set forth my reasoning for rejecting those arguments.

son]." Respondent did not present an argument challenging jurisdiction or the statutory grounds for termination. The parties stipulated that the CSC-II victim is the half-sibling of respondent's children. Petitioner then offered into evidence the judgment of sentence regarding respondent's CSC-II conviction. The judgment reflected that respondent pleaded no contest to the CSC-II charge, that a second count of CSC-II had been dismissed, and that respondent was sentenced to 10 months in jail. The trial court asked respondent's counsel whether there were any objections to the admission of the judgment of sentence, and she responded, "No, your Honor." After the trial court noted that the victim was not identified in the judgment of sentence, respondent's attorney stipulated that the children's half-sibling had been the victim for purposes of the judgment. The trial court then admitted the judgment of sentence into evidence.

Next, the prosecutor indicated that admission of the judgment of sentence was sufficient for purposes of "adjudication as well as for [the] statutory basis for termination;" he then rested his case "for this portion of the hearing." The trial court then asked respondent's attorney if she had any witnesses with respect to the statutory grounds; she answered no. Petitioner proceeded to call two witnesses to the stand, and respondent then called three witnesses. Respondent did not testify. Counsel for respondent began her closing argument by indicating that she would "confine [her] comments only as they relate to the best interest factors and leave the [c]ourt to make the determination regarding the statutory provisions." The trial court subsequently found that there was a preponderance of evidence supporting the statutory grounds to exercise jurisdiction under MCL 712A.2(b)(1) and (2). The court specifically stated that its jurisdictional conclusion was based on the judgment of sentence. The court further found that the statutory grounds for termination were proven by clear and convincing evidence and that there was a preponderance of evidence establishing that termination of respondent's parental rights was in the best interests of the children.

In *In re Thompson*, 318 Mich App 375, 378; 897 NW2d 758 (2016), this Court explained as follows:

> Child protective proceedings have long been divided into two distinct phases: the adjudicative phase and the dispositional phase. During the adjudicative phase, the court considers the propriety of taking jurisdiction over the subject child. This can be done in two ways. First, a parent may plead to the allegations in a jurisdictional petition, thereby bringing the child under the court's protection. Second, the parent may demand a trial (bench or jury) to contest the allegations. [Citations and quotation marks omitted.]

Respondent argues that pursuant to *In re Andino*, 163 Mich App 764; 415 NW2d 306 (1987), the no-contest plea to CSC-II, as reflected in the judgment of sentence, was inadmissible during the adjudicative phase as proof that he had committed CSC-II. The rules of evidence apply during a trial on adjudication. MCR 3.972(C)(1); *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006). In *In re Andino*, 163 Mich App at 770, this Court, citing in part MRE 410, held that evidence of a nolo contendere plea is inadmissible during the adjudicative phase of protective proceedings for purposes of proving that the respondent committed the acts that formed the basis of the criminal charge to which the plea was entered.

I fully agree that the principle of law set forth in *In re Andino* would generally govern the treatment of the judgment of sentence in this case and bar its admission. But another principle of law is that a party is not permitted to assert as error on appeal an issue that the party deemed proper below because doing so would allow the party to harbor error as an appellate parachute. *Hoffenblum v Hoffenblum*, 308 Mich App 102, 117; 863 NW2d 352 (2014); *Bates Assoc, LLC v 132 Assoc, LLC*, 290 Mich App 52, 64; 799 NW2d 177 (2010). The concept of "waiver" is well-established in Michigan jurisprudence, reflecting "the intentional abandonment of a known right" that "extinguishes any error." *LME v ARS*, 261 Mich App 273, 277; 680 NW2d 902 (2004); see also *In re Estate of Horton*, __ Mich App __, __; __ NW2d __ (2018); slip op at 4 n 4 (will contestant waived argument that document was improperly admitted into evidence "by expressly stating that she had no objections to the admission of the copy of the document into evidence").

Had respondent unsuccessfully challenged the admission of the judgment of sentence, as opposed to approving its admission, I would have agreed with the majority's contention that the judgment of sentence was inadmissible under *In re Andino* for purposes of establishing a basis for exercising jurisdiction. But respondent did not challenge the admissibility of the judgment of sentence. In fact, respondent affirmatively expressed that there was no objection to its admission.[2] The rule in *In re Andino* precludes admission of a judgment of sentence to establish jurisdiction, but respondent agreed to the judgment's admission, knowing full well that it was being introduced to establish jurisdiction and the grounds for termination. Necessarily implicit in respondent's stance was an acceptance that the judgment of sentence sufficed as to adjudication. The majority's demand of a specific stipulation or an explicit concession on that point constitutes a disregard of what actually transpired in the trial court and of the logical and inescapable implications of respondent's legal maneuverings.[3]

The majority states that the "DHHS offered the judgment of sentence as a self-authenticating document under MRE 902, and respondent's counsel had no objection to its introduction on that basis." The prosecutor did ask the trial court to admit the judgment of sentence, noting that it was a self-authenticating document under MRE 902. This simply meant that extrinsic evidence of its authenticity was not required as a condition precedent to its admission, i.e. this was merely obviating the need to establish an evidentiary foundation. MRE 902. The prosecutor next described the contents of the judgment of sentence, and the trial court then asked respondent's attorney if she had an opportunity to review the judgment. She indicated in the affirmative. The trial court then asked respondent's counsel, "Are there any objections to the Court admitting the Judgment of Sentence and Commitment to Jail as Petitioner's Exhibit 1?" In response, as I indicated above, respondent's attorney stated as follows, "No, your Honor." I find absolutely no support for the majority's proposition that respondent's attorney was only agreeing that the judgment of sentence could be admitted under MRE 902. Rather, counsel clearly agreed to the admission of the judgment of sentence without

---

[2] I note that respondent does not make any associated claim of ineffective assistance of counsel.

[3] And I note that respondent did, in fact, stipulate that the children's half-sibling was the victim in relation to the judgment of sentence. Furthermore, respondent stipulated before trial with respect to the entry of the CSC-II conviction.

limitation or restriction.[4] This was consistent with the pretrial stipulation regarding respondent's CSC-II conviction. I would also note that respondent's attorney, in approving of the judgment's admission, did not present any assertion that the judgment of sentence could or should not be considered for any and all purposes including establishing jurisdiction.

The majority contends that I am conflating "waiver" with "forfeiture," but, respectfully, it is the majority that conflates the two separate and distinct principles or rules of review. An appellate challenge to the admission of evidence is waived when, as occurred here, counsel below expressly states that there is no objection to the admission of the evidence. *Estate of Horton*, __ Mich App at __; slip op at 4 n 4; *People v Hershey*, 303 Mich App 330, 352; 844 NW2d 127 (2013); *People v McDonald*, 293 Mich App 292, 295; 811 NW2d 507 (2011) ("Defendant did not object to Dr. Loeckner's testimony and affirmatively stated that he had no objection to the admission of Dr. Abbas's notes. *The former failure to object constituted mere forfeiture of an error, while the latter affirmative approval constituted a waiver*.") (emphasis added). In *People v Marshall*, 298 Mich App 607, 616 n 2; 830 NW2d 414 (2012), vacated in part on other grounds 493 Mich 1020 (2013), this Court ruled:

> Although defendant challenges the admissibility of this evidence as part of a separate issue on appeal, defense counsel expressly informed the trial court that he had no objection to the admission of the victim's clothing or the box of bullets found where defendant was staying. By affirmatively approving the admission of this evidence, defense counsel *waived* any error. [Emphasis added.]

The majority, by focusing and relying on the rule of "forfeiture," is effectively treating the respondent's attorney's actions as a mere failure to object when it actually went beyond such a failure and constituted a waiver through affirmative approval of the judgment's admission into evidence.

The majority states that the judgment of sentence would have been relevant and admissible during the dispositional phase. Thus, according to the majority, because the dispositional and adjudicative "phases were held before the same trial judge during the same hearing, respondent's counsel could presume that the trial judge would use the evidence for a proper purpose and not use it for an improper purpose." If I am construing this argument correctly, the majority seems to be suggesting that respondent's attorney, by expressing that she had no objection to the evidence, was only approving of the admission of the judgment of sentence for purposes of the dispositional phase. First, there is absolutely no record support for the majority's proposition. Second, the majority is ultimately speculating regarding counsel's mindset. And third, counsel for respondent agreed to the admission of the judgment of sentence *during the adjudicative phase*. Indeed, the majority writes:

---

[4] The self-authentication statement by the prosecutor was simply to allow the court to exercise its authority under MRE 104 in addressing preliminary questions of admissibility, such as authentication, opening the door to use of the evidence—the judgment of sentence—for any purpose, to which respondent expressed that there was no objection to its use.

-4-

The two phases were not combined such that there was no distinction between them; the trial court did not hold a dispositional hearing and then consider whether it had jurisdiction as an afterthought; and the two phases of the combined hearing remained sufficiently distinct, such that they did not lose their separate character.

Considering the clear bifurcation of the adjudicative and dispositional phases and that respondent's attorney stated that she had no objection to the admission of the judgment of sentence during the adjudicative phase, it defies reason to conclude that counsel was of the view that she was only agreeing to the admission of the evidence for use in the dispositional phase, or that the court was only admitting the evidence for purposes of the dispositional phase.

The majority's analysis allows respondent to fully harbor error as an appellate parachute, which I find especially troubling in this case. The children involved in this case will be thwarted in their ability to move forward with their lives and obtain a sense of finality. Instead, they will suffer from another delay precipitated by an appellate argument by respondent, a convicted child molester, that was waived below and not part of his best-interest strategy in fighting the termination of his parental rights. Given the evidence of respondent's abuse and neglect, I believe that if he had challenged the admission of the judgment of sentence, as he now does for the first time on appeal, the prosecutor would certainly have been able to produce unquestionably admissible evidence in support of the exercise of jurisdiction.[5] Instead, respondent laid low in the trial court relative to the judgment of sentence only to belatedly assert the issue in this Court.

Indeed, I find respondent's overall arguments challenging the trial court's decision to exercise jurisdiction over the children disingenuous. It is patently clear from my review of the transcript that respondent made a strategic decision not to challenge the trial court's exercise of jurisdiction over the children under MCL 712A.2(b). Respondent expressly agreed to leave it to the trial court to make the determination on that matter, patently implying that he would accept whatever findings the court made. Respondent instead focused exclusively on the best interests of the children. In requesting the trial court to entertain witnesses and argument solely on the issue of the children's best interests, respondent effectively conceded both the court's proper jurisdiction and the establishment of the statutory grounds for termination. There was not even the hint of an argument by respondent that called into question jurisdiction or the statutory grounds for termination. Again, I feel compelled to repeat that a party is not permitted to harbor error as an appellate parachute. *Hoffenblum*, 308 Mich App at 117.

---

[5] The majority notes that the allegations of respondent's conduct are "serious and abhorrent." I think it quite likely that respondent's strategy to focus solely on the children's best interests, especially in regard to the minor son, was intended to direct attention away from the abhorrent sexual abuse of the half-sibling and daughter, which would have been illuminated and highlighted by a challenge to jurisdiction and the statutory grounds for termination.

In sum, I would affirm the termination of respondent's parental rights; therefore, I respectfully dissent.

/s/ Jane E. Markey