*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* OCKERT, Minors.

UNPUBLISHED
March 12, 2019

No. 344111
Montcalm Circuit Court
Family Division
LC No. 2017-000809-NA

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

The Department of Health and Human Services (DHHS) sought and received termination of respondent-father's parental rights to his minor children. Respondent appeals as of right the termination of these rights. The DHHS chose not to file a brief or otherwise participate in this appeal. As explained below, we are compelled to vacate the trial court's order terminating respondent's parental rights and remand for further proceedings.

## I. BACKGROUND

The DHHS filed a petition seeking termination of respondent's parental rights primarily because respondent was convicted of second-degree criminal sexual conduct (CSC-II), in violation of MCL 750.520c, where the minor victim was the half-sibling of respondent's children. The allegations of respondent's conduct in the petition were serious and abhorrent. Given this, the DHHS sought outright termination of respondent's parental rights to his children.

The trial court held a bench trial comprised of both an adjudication phase and a disposition phase. During the adjudication phase, the trial court admitted into evidence a copy of the judgment of sentence indicating that respondent was convicted of CSC-II under a no-contest plea. The parties stipulated that the subject of the no-contest plea was the half-sibling.

Upon admission of the judgment of sentence into evidence, the DHHS rested its case with regard to the adjudication portion of the hearing. The trial court then moved immediately to the disposition portion of the trial. After the conclusion of both phases of the bench trial, the trial court explained that it relied entirely on the judgment of sentence admitted into evidence by the DHHS during the adjudication phase of the trial to decide that statutory grounds existed to exercise jurisdiction over the children. The trial court then found that statutory grounds existed

-1-

to terminate respondent's parental rights and that termination of respondent's parental rights was in the children's best interests.

## II. ANALYSIS

### A. STANDARD OF REVIEW

Generally, family court procedure is reviewed de novo on appeal. *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006). This Court reviews the trial court's decision to exercise jurisdiction for clear error in light of its findings of fact. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). To the extent that respondent's appellate arguments are unpreserved, this Court's review is limited to plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (cleaned up). An error "affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App at 9.

### B. COMBINED ADJUDICATION AND DISPOSITION HEARINGS

Respondent first argues that the trial court erred when it held both the adjudication and disposition hearings at the same time. There are two primary phases of child protective proceedings, the adjudication phase and the disposition phase. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). A trial court must first determine whether it can exercise jurisdiction over the child, and this is done during the adjudication phase, either by plea or trial. *Id*. at 405; MCR 3.971; MCR 3.972. If jurisdiction is proper, then the trial court has the authority to determine a course of action to ensure the child's safety and well-being, and this is done during the disposition phase. *In re Sanders*, 495 Mich at 406; MCR 3.973. While there may be substantial overlap of factual and legal issues in the two phases, the phases serve different purposes and are governed by different rules and standards, so a trial court must keep the phases distinct. See *In re Thompson*, 318 Mich App 375, 378-379; 897 NW2d 758 (2016); *In re AMAC*, 269 Mich App 533, 537-539; 711 NW2d 426 (2006).

Based on this record, we conclude that the trial court did not improperly combine the adjudication and disposition phases. The two phases were not combined such that there was no distinction between them; the trial court did not hold a dispositional hearing and then consider whether it had jurisdiction as an afterthought; and the two phases of the combined hearing remained sufficiently distinct, such that they did not lose their separate character. Accordingly, respondent is not entitled to relief on this issue.

### C. JURISDICTION

Although we conclude that the trial court did not improperly combine the adjudication and disposition phases, it is apparent from the record that the trial court's procedures here created some confusion and that this confusion ultimately resulted in plain error. Specifically, respondent argues that the trial court erred in taking jurisdiction over the children because it relied exclusively on the judgment of sentence regarding defendant's CSC-II conviction to establish its jurisdiction. Respondent argues that he pleaded no-contest to the CSC-II charge,

that his no-contest plea was not admissible into evidence at the adjudication trial, and that the trial court could not have used the no-contest plea to establish jurisdiction. Respondent's argument has merit.

Respondent did not plead to the statutory grounds for jurisdiction alleged in the petition, so the trial court held a trial to determine in the first instance whether it had jurisdiction. (The trial was immediately followed by the disposition phase during the same hearing.) Although entitled to a jury trial, MCR 3.911(A), respondent opted for a bench trial. Unlike during the disposition phase, the rules of evidence generally apply during the adjudication phase. MCR 3.972(C). The DHHS had the burden of proving by a preponderance of the evidence one or more of the statutory grounds for jurisdiction alleged in the petition. MCR 3.972(E); MCR 3.977(E)(2).

The petition listed MCL 712A.2(b)(1) (abuse or neglect, substantial risk of harm, abandonment, or without proper custody or guardianship) and (2) (unfit home or environment) as the statutory grounds for jurisdiction. The only evidence introduced during the adjudication phase was the judgment of sentence based on the no-contest plea involving the half-sibling. When announcing its finding with regard to jurisdiction, the trial court relied solely on the judgment of sentence. Because the rules of evidence apply to adjudication trials, the evidentiary import of the no-contest plea and any limitations or restrictions are critical.

Under Michigan law, a no-contest plea is not an admission of guilt outside of the immediate criminal proceeding. Specifically, MRE 410 provides that a no-contest plea "is not, in any civil or criminal proceeding, admissible against the defendant who made the plea." The Michigan Supreme Court explained the nature and impact of a no-contest plea as follows:

> The primary purpose of a plea of nolo contendere is to avoid potential future repercussions which would be caused by the admission of liability, particularly the repercussions in potential future civil litigation. A nolo contendere plea does not admit guilt, it merely communicates to the court that the criminal defendant does not wish to contest the state's accusations and will acquiesce in the imposition of punishment. To the extent a nolo contendere plea is an implicit admission of guilt, it is such an admission only for the purposes of the criminal proceeding in which the plea is entered. [*Lichon v American Universal Ins Co*, 435 Mich 408, 417-418; 459 NW2d 288 (1990) (citation omitted).]

In *State Bar Grievance Admin v Lewis*, 389 Mich 668, 680; 209 NW2d 203 (1973), the Michigan Supreme Court differentiated between allowing the collateral use of a no-contest plea as an admission of misconduct and allowing the collateral use of the fact of a conviction. In *In re Andino*, 163 Mich App 764, 772-773; 415 NW2d 306 (1987),[1] this Court extended the reasoning of *Lewis* to a child-protective proceeding. The case involved a respondent-father who pleaded no-contest to an assault with intent to commit CSC-II. *Id*. at 767. In the subsequent

---

[1] Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority, *People v Vandenberg*, 307 Mich App 57, 66 n 2; 859 NW2d 229 (2014).

child-protective proceedings, the trial court concluded that the respondent-father's no-contest plea to the CSC charge was sufficient evidence to support termination of his parental rights. *Id.* at 768. On appeal from that decision, this Court considered, as a question of first impression, "whether a conviction based on a nolo contendere plea may form the basis for terminating parental rights." *Id.* This Court concluded that the effect of MRE 410[2] was "to declare evidence of a nolo contendere plea incompetent as proof that the defendant committed the acts forming the basis for the charge to which he entered his plea." *Id.* at 770.

Yet, when the fact of conviction itself is relevant to a child-protective proceeding, a judgment of sentence based on a no-contest plea may be admissible (though not alone sufficient) for this limited purpose. As the *In re Andino* Court explained, "Where, as in this case, *there was independent proof of the misconduct* leading to the charge respondent pled to, we see no reason why the admissibility of evidence of a conviction based on a plea of nolo contendere should be distinguished from evidence of any other type of conviction *for purposes of establishing the fact of conviction.*" *Id.* at 773 (emphasis added). This reasoning has been applied in subsequent unpublished decisions by panels of this Court. See, e.g., *In re AS*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2013 (Docket No. 316219); *In re Gibson-Newberry*, unpublished per curiam opinion of the Court of Appeals, issued October 25, 2005 (Docket No. 261657).[3]

As noted above, the petition identified MCL 712A.2(b)(1) (abuse or neglect, substantial risk of harm, abandonment, or without proper custody or guardianship) and (2) (unfit home or environment) as the statutory grounds for jurisdiction. Whether respondent had, in fact, committed CSC-II against the half-sibling or had, in fact, been convicted of that crime, would certainly have been relevant to whether the statutory grounds for jurisdiction had been established. Yet, the judgment of sentence based on the no-contest plea was not admissible evidence that respondent had actually committed the crime, and even on the question to which the judgment may have been admissible at the adjudication stage—the bare fact of conviction— the judgment was insufficient by itself to show even this. See *In re Andino*, 163 Mich App at 773. Thus, under MRE 410, binding precedent from our Supreme Court, and decisions of this Court following that precedent, the judgment of sentence based on respondent's no-contest plea alone was insufficient to establish a statutory ground for jurisdiction during the adjudication phase.

## D. WAIVER VERSUS FORFEITURE

To this point, the majority and dissent appear to be in agreement. Respondent's alleged conduct is serious and abhorrent, but the judgment of sentence based on the no-contest plea was

---

[2] MRE 410 currently provides that a plea of nolo contendere "is not, in any civil or criminal proceeding, admissible against the defendant who made the plea." When this Court decided *In re Andino* in 1987, the rule of evidence was worded differently, though not in a way material here. There are also several exceptions to the inadmissibility of a no-contest plea, but those exceptions are not relevant here.

[3] "An unpublished opinion is not precedentially binding under the rule of stare decisis." MCR 7.215(C)(1). Unpublished opinions can be, however, instructive or persuasive. *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

not itself competent to establish jurisdiction over respondent or his children. Where the dissent disagrees and takes the majority to task is for purportedly allowing respondent to harbor error as an appellate parachute. In so doing, however, the dissent conflates waiver with forfeiture.

Though somewhat related, as they both involve a purported right in a prior proceeding, waiver and forfeiture are distinct. Waiver is the "intentional abandonment of a known right," *LME v ARS*, 261 Mich App 273, 277; 680 NW2d 902 (2004), while forfeiture is the failure to object or otherwise preserve a right, *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). In the context of criminal law, which is often applied by extension to termination of parental rights cases, "waiver is where the defendant *affirmatively agrees* with the course of action taken by the trial court." 2 Gillespie Mich Crim L & Proc § 21:15 (2d ed) (emphasis added).

Here, during the adjudication phase, respondent's counsel did not object to the admission of the judgment of sentence and left the DHHS to its proofs. In so doing, respondent's counsel did not agree to accept whatever ruling the trial court made with respect to jurisdiction. The DHHS offered the judgment of sentence as a self-authenticating document under MRE 902, and respondent's counsel had no objection to its introduction on that basis. Yet, while the DHHS and the guardian ad litem believed that the judgment was sufficient for adjudication, importantly, respondent's counsel did not stipulate or otherwise explicitly concede this point on the record. Rather, respondent's counsel simply stated, "I'll confine my comments only as they relate to the best interest factors and leave the Court to make the determination regarding the statutory provisions." We can find nothing in this record to suggest that respondent's counsel affirmatively agreed that the judgment of sentence was competent or sufficient to prove that respondent actually committed CSC-II for purposes of adjudication.

Moreover, as explained above, the judgment could have been admissible, though not itself sufficient, to prove the bare fact of conviction under *In re Andino*, *In re AS*, and *In re Gibson-Newberry*. At the very least, the evidence would have been relevant and admissible during the disposition phase (as the rules of evidence do not generally apply). Given that both phases were held before the same trial judge during the same hearing, respondent's counsel could presume that the trial judge would use the evidence for a proper purpose and not use it for an improper purpose. See *People v Parker*, 319 Mich App 664, 672-673; 903 NW2d 405 (2017).

As for not offering rebuttal on the statutory provisions, the DHHS always had the burden of proof, and to the extent that its evidence did not meet that burden at the adjudication phase (which it did not), respondent's counsel need not have offered anything in rebuttal. See *In re Sanders*, 495 Mich at 405. When a party essentially stands mute on an issue upon which the opposing party has the burden of proof, so doing can hardly be considered an *affirmative agreement* that the opposing party has, in fact and law, met its burden. See *People v Dochstader*, 274 Mich 238, 243; 264 NW 356 (1936).

Thus, contrary to the dissent's position, neither the lack of an objection to the judgment's admission nor leaving the trial court to make a determination on an issue that the DHHS had the burden of proof can reasonably be read as an affirmative waiver. Instead, the failure to object or seek reconsideration on adjudication before the trial court is best understood as a forfeiture of the issue, one for which the majority should (and does) review for plain error. *In re Utrera*, 281 Mich App at 8.

Where, as here, plain error has occurred, reversal "is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant *or* when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 9 (cleaned up). The record on appeal does not show that respondent is "actually innocent." But, the record does show that the trial court's adjudication phase was fundamentally flawed. As emphasized by our Supreme Court in *In re Sanders*, "While the adjudicative phase is only the first step in child protective proceedings, it is of *critical importance* because the procedures used in adjudicate hearings protect the parents from the risk of erroneous deprivation of their parental rights." *In re Sanders*, 495 Mich at 405-406 (emphasis added, quotation marks omitted). Given the fundamental flaw in this critically important phase, we conclude that the trial court's finding of adjudication must be set aside. An order terminating a respondent's parental rights must be vacated if this Court sets aside the adjudication. *In re SLH*, 277 Mich App 662, 673; 747 NW2d 547 (2008).

While the allegations of respondent's conduct are disturbing, the record confirms that evidence regarding his conduct could be fully explored on remand without sole reliance on a judgment of sentence based on a no-contest plea. On remand, the DHHS can present admissible evidence of respondent's conduct involving the minor children at issue and the trial court can consider that competent evidence in rendering an adjudication regarding the two minor children. If, based on admissible, competent evidence, the trial court concludes that jurisdiction is proper, then the trial court can proceed to the dispositional phase to determine whether respondent's parental rights should be terminated. Given our ruling, we need not address the other arguments raised by respondent on appeal.

We vacate the trial court's order terminating respondent's parental rights and remand for further proceedings. We retain jurisdiction.


/s/ Michael J. Kelly
/s/ Brock A. Swartzle

# Court of Appeals, State of Michigan

# ORDER

Jane E. Markey
Presiding Judge

In re Ockert Minors

Docket No.    344111

Michael J. Kelly

LC No.    2017-000809-NA

Brock A. Swartzle
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 35 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded.

The parties shall promptly file with this Court a copy of all papers filed on remand.  The trial court shall complete the proceedings within 63 days after the issuance of this order unless, at the trial court's sound discretion stated on the record, additional time is needed to complete the proceedings. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Jane E. Markey

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 12, 2019
Date

Chief Clerk